Independent School District of Centerville, Iowa, Appellant, v. George W. Swearngin *et, al.*

Contract: construction of: warranty.   Defendant contracted
1   to paper certain rooms as follows: "Walls to be washed or sized with good strong glue, as necessary to insure that paper will remain fast to the wall."   The contract also provided that the work should be done in a good and workmanlike manner. *Held*, not to constitute a warranty that the paper would remain fast,. but that defendant should use the method most likely to produce desired results.

Expert Testimony: exclusion of.   Questions calling upon an expert witness to state the better one of two methods for papering certain rooms as provided by a stated contract, basing his opinion in part on the custom of the trade, should be excluded.

Same:   In a suit on a contract an expert witness should not be permitted to testify to a custom or give his construction of the contract in question.

Appeal: motion for new trial.   Under Code section 4106 an appeal may be considered, although no motion for a new trial was filed in the lower court.

*Appeal from Appanoose District Court.*—Hon. F. W. Eichelberger, Judge.

Wednesday, April 8, 1903.

Action to recover damages for a breach of contract. There was a trial to a jury, and a verdict and judgment for the defendants.   The plaintiff appeals.—*Reversed.*

*Mabry & Payne* for appellant.

*C. F. Howell* and *C. H. Elgin* for appellees.

Sherwin, J.—The plaintiff and the defendant George W. Swearngin entered into a contract whereby Swearngin agreed to paper the walls and ceilings of certain rooms in the plaintiff's school building, according to the following

specifications: "All cracks to be pointed and stains to be shellaced, walls to be washed or sized with good, strong glue, as necessary to insure that paper will remain fast to the wall." The contract also provided for putting two coats of paint on the inside woodwork, and that all work should be done in a good and workmanlike manner. In the admission of testimony, and in the instructions given on its own motion, the court construed the clause of the contract relating to the papering as requiring the defendant to do a good and workmanlike job only, while the plaintiff contends that this clause of the contract bound the defendant to wash or size the rooms so that the paper would remain fast thereon, and instructions presenting this theory were asked and refused. The instructions given are not here for review, and we shall specifically consider only those asked and refused. Such consideration will, however, require a construction of the language of the contract, and this will establish the rule for the guidance of the court on a retrial of the case.

We think the court properly held that the contract did not bind the defendant to so treat the walls as that the paper would remain fast. The language used does not in itself constitute a warranty of that kind; nor

1 Construction of contract: warranty.

do we think that it can be implied therefrom. If it had been the intention of the parties to provide such a warranty, it hardly seems possible that language so inapt for the purpose would have been used, and all that we think may be justly claimed for it is that it required the defendant to adopt and use whichever of the two methods would in fact be most likely to insure the desired result. Nor was there sufficient evidence before the court to justify a finding that any other or different understanding was had by the parties when the contract was made.

Many rulings on the introduction of the testimony are criticised, but we find nothing demanding special notice,

except those relating to the testimony of the witness

2. EXPERT testimony: exclusion of. Perdew, who was used by the defendants as an expert witness on the subject of paper hanging. The questions are too long for repetition here, but they called for his opinion as to the better one of the two methods provided for by the contract, and asked him to base it in part on the custom among those in the business. We think the objections to such questions should have been sustained. The contract required the use of the method which would be most likely to secure the best results, and the custom of using one or the other means of preparing a wall for paper could be of no avail to the defendants.

The same witness was also asked this question: "Q. Where you have an alternative contract, as I called your attention to in a former question, where it says either

3. SAME: wash or size in a manner best adapted to insure sticking, and you size or calcimine walls with that kind of a contract, the fact that you don't remove the calcimine, would you say, according to the acceptation and the trade, that would indicate it was not a workmanlike job?" and over the objection of the plaintiff answered: "A. It would, according to that kind of a contract." This was not only permitting the witness to testify as to the custom, but calling for and getting his construction of the contract. This was error, which could not have been otherwise than prejudicial.

Objection is made to our consideration of this appeal, because a specific bill of exceptions was not filed, and be-

4. APPEAL: motion for new trial. cause no motion for a new trial was made. Section 3675 of the Code designates what shall be a sufficient bill of exceptions, and under section 4106 a motion for a new trial is not necessary.

For the errors pointed out, the judgment is REVERSED.