LAZAROV *v.* KLYCE.

(*Jackson*, April Term, 1952.)

Opinion filed January 15, 1953.

HARRY P. RUBERT and JESS D. EWING, both of Memphis, for petitioner.

ROSENFIELD, BOROD, FONES & BOGATIN, of Memphis, for respondent.

MR. JUSTICE GAILOR delivered the opinion of the Court:

The bill in this cause was filed in the Chancery Court of Shelby County, to secure a decree for the balance of the indebtedness on a certain promissory note, made a part of the bill, upon which the complainant was the payee, and the defendant one of the makers.

The signatory part of the note, out of which the controversy arises, is as follows:

"Independent Tool & Machine Co.
"By J. W. Clements
"Arnold. Klyce"

The bill was filed to secure a decree against Arnold Klyce individually, and his defense is that the note is an obligation of the Independent Tool & Machine Company; that Klyce signed the note as an officer of that Company; that he is not personally liable.

A jury was demanded and Klyce was allowed to testify to the circumstances surrounding the transaction and that he did not intend to assume a personal obligation when he signed the note. The jury concluded that Klyce was not personally liable.

Thereafter, on motion, the Chancellor held (1) that parol evidence had been improperly admitted; (2) that the note was clear and unambiguous; (3) that Klyce signed the note as an individual, and in his individual capacity; (4) that the defendant Klyce was liable as a maker on the note, and a decree was entered, accordingly.

On appeal, the Court of Appeals reversed and held (1) that as Klyce's signature appeared on the note, it was ambiguous; (2) that the jury had determined the issue and found that Klyce signed as an officer of the corporation, and was not, therefore, personally liable; (3) that the decree of the Chancellor should be reversed and a judgment entered for the defendant Klyce.

Because the two lower courts had differed, and because there was no reported Tennessee case which furnished exact authority for a proper construction of Section 20 of the Negotiable Instruments Law, Code, Section 7344, under the exact facts of this case, we granted certiorari, have heard argument, and the case is thus before us for disposition.

■ The crux of the case, is whether the signature of Arnold Klyce on the note is ambiguous. We have undertaken to copy the signatures of the apparent makers as they appear on the face of the note. They are placed on three separate lines of a printed form of promissory note. Clements' signature, on the second line, is linked with the name of the corporation by the insertion of the word "By." Respondent argues that the word "by" applies as well to the signature of Klyce, but there is nothing on the face of the note, nor the relative position of the signatures of Clements and Klyce to indicate that fact. On the contrary, the "A" in "Arnold" being, as we have indicated, farther left than the "J" in "J. W. Clements" indicates that the signatures of Clements and Klyce were independent. Arnold Klyce's signature is on the third line, without language before or after it, to indicate that he might have signed the note in other than his individual capacity. We may reasonably inquire how otherwise Klyce would have signed the note to assume a personal obligation? Certainly we may take judicial notice of the universal custom that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation.

There was no language used to create an ambiguity. If Arnold Klyce had added after his signature, the words "Vice President," those words might have created an ambiguity, and parol evidence might then have been admissible to show whether they had been used as description of the person or as indication that Klyce signed the note as Vice President, to bind only the corporation, to comply with the express provision of Code, Section 7344:

*"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal \* \* \*."* (Our emphasis.)

Thus, in *Wilson* v. *Clinton Chapel African Methodist Episcopal Zion Church*, 138 Tenn. 398, 198 S. W. 244, 246, after the signature of all the makers of the note, which was on a printed form, across the bottom margin, in handwriting, appears "trustees A. M. E. Zion Church". These words appearing on the face of the note created the ambiguity which justified the admission of parol evidence, and so in *Belmont Land & Mining Co.* v. *Noone*, 13 Tenn. App. 152, after the signature of the maker, C. A. Noone, appeared the word "Trustee." The word "trustee" as thus used, created the ambiguity and justified the admission of explanatory evidence.

Although there is no reported Tennessee case precisely in point, the highest courts of many other states have considered notes formally identical with the one before us here.

Many courts have held that under a proper construction of Section 20, Negotiable Instruments Law, Code, Section 7344:

"\* \* \* an officer of a corporation who signs, without adding any words to his signature, under the name of the corporation and the name of another officer who indicates his representative character is liable, and cannot show by parol evidence that a corporate liability was intended." 8 Am. Jur., Bills & Notes, Sec. 500, p. 229; Brannon, The Negotiable Instruments Law (4th ed.) pp. 163-178; 42 A. L. R. 1075.

The case reported and annotated in 42 A. L. R. 1072, is identical on essential facts, and holds where a note in ordinary form, was signed:

"Diamond Lake Lumber Co.

Arthur Caines, Sec'ty. & Treas.        .

Olaf Lamon,"

Defendant Olaf Lamon will not be permitted to show that he was signing as vice president, and not intending to be personally bound. *Farmers State Bank, etc.,* v. *Lamon,* 132 Wash. 369, 231 P. 952, 42 A. L. R. 1072.

Another case which is directly in point and identical with the case before us in many particulars, is *Coal River Collieries* v. *Eureka Coal & Wood Co.,* 144 Va. 263, 132 S. E. 337, 338, 46 A. L. R. 485. The signatory part of the note was identical with the one before us, as regards form and status of the parties, as follows:

"No. A39791.                          Due 9-17-24.

"Eureka Coal & Wood Co., Inc.,

"J. Liebman, Treasurer, N. Orleans."

Further elements of similarity between the Virginia suit and the case before us are: (1) It was between the original parties, the payee bringing it against the maker; (2) the consideration for the note was an antecedent debt, and (3) the lower court held that the fact that the note was signed by a corporation followed by signatures of individuals, and that payee knew that both individuals were officers of the corporation, created an ambiguity, and so relaxed the rule against the admission of parol evidence. The Supreme Court of Appeals of Virginia, after considering all of these points, held that parol evidence was not admissible to show that the signature of his individual name on a corporate note by the president of the corporation, was intended as a mere official signature, if there was nothing on the face of the instru-

ment to show that he was not to be personally bound.

Among many other cases in accord are the following: *Bertenshaw* v. *Lincoln State Bank of Chicago*, 8 Cir., 283 F. 25; *Toon* v. *McCaw*, 74 Wash. 335, 133 P. 469, L. R. A. 1915A, 590. In a case from the Supreme Court of Oregon, decided in 1948, the note in controversy was signed:

"Reimann Furniture Mfg. Co.

"Rich L. Reimann

"L. D. Reimann."

It was held that evidence could not be introduced to show that Richard L. Reimann and L. D. Reimann signed as officers of the corporation, and did not intend to bind themselves personally by the signature of the note. In support of its opinion, the Oregon court cited *Toon* v. *McCaw*, supra, and *Way* v. *Lyric Theater Co.*, 79 Wash. 275, 140 P. 320; *Murphy* v. *Reimann Furniture Mfg. Co.*, 183 Or. 374, 193 P. (2d) 1000.

In no case that we have found, where the signature of the officer of the corporation is not preceded or followed by words indicative of official capacity, and where courts have held that the simple signature is ambiguous, has there been an analysis or definition of the ambiguity.

The note before us shows no patent ambiguity,— it is clear and complete. If admitted, the extrinsic evidence shows no latent ambiguity, it shows merely that Klyce omitted to do what the law, Code, Section 7344, required,—add before or after his signature, words to show that he was signing as a representative to bind the Company and to escape liability himself.

"An ambiguity is not that which may be made *doubtful* by extrinsic proof tending to show an intention different from that manifested * * *."

(Our emphasis.) (Judge Green) *Ward* v. *Espy*, 25 Tenn. 447, 449.

There is the further objection to the parol evidence offered in this case, that it sought to prove the "intent" of defendant Klyce in signing the note, by testimony of Klyce, himself (tr. p. 101 et aliunde):

"As regards the subject in hand,—'parol evidence,' the use of extrinsic matter to affect documents,—there appears to be no excluding rule of evidence, *except that which shuts out direct statements of the writer's intention.*" (Our emphasis.) Thayer, Prelim., Treatise on Evidence, p. 468; 20 Am. Jur., Evidence, Sec. 1102, p. 964.

"* * * under no circumstances is a witness to be allowed to testify to his understanding of the legal effect of a contract, for it is the province of the court alone to construe and interpret contracts." 17 C. J. S., Contracts, Section 597d, page 1244; 13 C. J. S., Carriers, Section 322, page 772; *Independent School District of Centerville* v. *Swearingen*, 119 Iowa 702, 94 N. W. 206.

Whether or not a particular contract shows a clear intent that one of the parties was contracting as an individual or in a representative capacity, must be determined *from the contract itself*. *Pope* v. *Landy*, 9 W. W. Harr., Del., 437, 1 A. (2d) 589.

"It will not do for a man to enter into a contract and, when called upon to respond to its obligation, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. * * * The law is presumed to be equally within the knowledge of all par-

ties.'' *Upton* v. *Tribilcock,* 91 U. S. 45, 23 L. Ed. 203, 205.

Defendant argues that if otherwise the parol evidence rule would be applicable, that here it was waived by the complainant who introduced parol evidence to prove the signature on the note. In view of the state of the pleadings when the trial opened we find no merit in this contention. To the original bill, the defendant, in spite of a waiver of oath in the bill, filed a sworn answer in which he denied signature of the note. In paragraph two of said answer, defendant alleged:

"Defendant denies that he executed said note and denies that there was any consideration to him and denies and disclaims any personal liability upon said note. * * *''

Clearly, in view of that allegation in the answer, it was necessary for the complainant to prove the signature and execution of the note.

In any event, the parol evidence rule in Tennessee is not a rule of evidence merely, but is a rule of substantive law, and as this court has expressly held, no exception nor assignment of error is necessary to ensure its application. *Deaver* v. *J. C. Mahan Motor Co.,* 163 Tenn. 429, 434, 43 S. W. (2d) 199.

The judgment of the Court of Appeals is reversed and the decree of the Chancellor affirmed at defendant's cost.