In re ESTATE OF D. A. TEMPLETON, Deceased.

(*Nashville,* December Term, 1956)

Opinion filed March 8, 1957.

SIMMS & SIMMS, Fayetteville, for plaintiff in error, Administrator of Templeton Estate.

LAMB & McCOWN, Fayetteville, for defendant in error, Mrs. Annie Lou Templeton.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

D. A. Templeton, individually, and trading as Templeton Pontiac Company, and his wife, Mrs. Annie Lou Templeton, were joint makers of a note of $25,000 payable to themselves, by them endorsed to a local bank. Its payment was secured by a deed of trust on realty owned by Mr. and Mrs. Templeton as tenants by the entirety.

Mrs. Templeton signed for the sole purpose of lending her name to her husband who received all the proceeds of the loan. She was, therefore, an accommodation maker. Code, sec. 47-129.

Mr. Templeton died, leaving a substantially insolvent estate. Mrs. Templeton, therefore, was compelled to pay all of this note. She has filed a claim against her hus-

band's estate for two-thirds ($16,666.66) of the $25,000 which she paid. The probate court sustained her claim. The administrator with the will annexed has appealed to this Court, the facts being stipulated.

The administrator's insistence is that the estate is liable for only one-half of the amount of the note, to-wit, $12,500. He reaches this conclusion on the theory that since Templeton and Templeton Pontiac Company should be regarded as being only one maker, and Mrs. Templeton, the other; hence, two makers, each of which is liable for one-half of the note, as between themselves.

When Mrs. Templeton filed her claim it was on the theory that her husband, individually, and as Templeton Pontiac Company should be regarded as two makers of the note, and she the third; therefore, that she is entitled to reimbursement to the extent of two-thirds of the amount paid by her in satisfaction of the debt. It is the position of her attorney that she would have been entitled to recover the entire amount paid by her except that it is now too late to correct the mistake.

The attorneys for the respective litigants say that they have not been able to find any Tennessee decisions exactly in point. Neither have we. However, on principle, it would seem to be necessary to conclude that Mrs. Templeton is entitled to recover. As between herself and Mr. Templeton, the relation is simply that of principal and surety. So, the same rule should prevail as when a surety pays the note of the maker.

The applicable rule is stated in 8 American Jurisprudence, Bills and Notes, Section 466, as follows:

"The party accommodated upon a negotiable instrument in accepting such accommodation impliedly

agrees to save the accommodation party harmless at the maturity of the instrument and to indemnify the latter against the consequences of its nonpayment. In accordance with this right to indemnification, the general rule is that an accommodation party on a negotiable instrument who has paid the holder of the instrument may recover the amount paid from the party accommodated. This rule applies to accommodation makers, acceptors, drawers, indorsers, and guarantors.''

The same rule is stated under this title in 11 C.J.S., Bills and Notes, sec. 750b(1). There is an annotation on the question in 36 A.L.R., commencing at page 575, wherein there is cited and briefed many cases holding in accord with the rule as hereinabove quoted.

Apparently by the great weight of authority in this country, the prevailing view is that the accommodation maker who is compelled to pay the note is entitled to recover the amount paid from the party accommodated. This Court is in accord with that view of the question.

Affirmed with costs adjudged against the estate of Mr. Templeton.