## BLACKER *v.* BUKOWITZ, TRADING AS ACE CURRENCY EXCHANGE

[No. 133, September Term, 1958.]

*Decided February 18, 1959.*

The cause was submitted to HENDERSON, HAMMOND,

PRESCOTT and HORNEY, JJ., and HENRY, J., Chief Judge of the First Judicial Circuit, specially assigned.

Submitted on brief by *A. Frederick Taylor* and *Martin & Taylor* for the appellant.

Submitted on brief by *Gilbert I. Friedel* and *John A. Cochran* for the appellee.

PER CURIAM.

Ben Bukowitz, the appellee, who operates a check cashing service under the name of Ace Currency Exchange, cashed checks totalling over $20,000 for Melvin Blacker. The checks turned out to be worthless. To make good, in part, or to gain time, Blacker gave his wife, the appellant, a check of a third person in the amount of $12,500 and asked her to deposit it in her checking account in a Pikesville bank, draw her check for the same amount to the order of Ace Currency Exchange, and give it to him to be given to Ace. She did so. Blacker gave her check to Ace to be applied as part payment of the money he owed Ace—the cash Ace had given him for the checks which were bad. On a prior occasion Ace had taken Mrs. Blacker's check and it had been good. This time, at Blacker's request, Ace called the wife's bank and was told she had made a large deposit in the morning, and if her check were deposited in Baltimore it should be good by the time it reached Pikesville. Thereupon Ace deposited the check and, in a few days, received word from the bank that the check had been returned marked "insufficient funds."

Ace recovered judgment against Mrs. Blacker for the amount of the check over her objections that she received no consideration and Ace was not a holder for value, and that Ace knew the check was drawn on uncollected funds and so was on notice of an infirmity. She renewed all of her contentions in this Court.

Mrs. Blacker was an accommodation maker. She lent her name to her husband and is liable on her check to a holder for value, although she herself did not receive value. Code, 1957, Art. 13, Sec. 50. A wife may be an accommodation maker for her husband and, as in other cases, the considera-

tion which supports her promise to pay is that moving to the accommodated party, her husband. *Foland v. Hoffman,* 186 Md. 423, 427; *Crothers v. National Bank,* 158 Md. 587, 593. The pre-existing debt due by the husband to Ace was consideration supporting the wife's signature, and Ace was a holder for value. Code (1957), Art. 13, Sec. 46; *Fair Loans, Inc. v. Wilkinson,* 211 Md. 216, 221; *Crothers v. National Bank,* and *Foland v. Hoffman,* both *supra.*

For Ace to have been on notice of an infirmity in Mrs. Blacker's check, his action in taking the check must have amounted to bad faith. Code (1957), Art. 13, Sec. 77; *Fair Loans, Inc. v. Wilkinson, supra.* Knowledge that the check was drawn against uncollected funds would not, alone, amount to bad faith, and no other sufficient indication of bad faith was shown.

None of appellant's contentions are sound.

*Judgment affirmed, with costs.*