J. D. Cross, Jr., et al.

*v.*

Walter L. Miner et al.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

Phillips & Hale, Rogersville, for petitioners.

J. Mayes, Rogersville, for respondents.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The petitioners sued the respondents, Walter L. Miner, John E. Walker and wife, to recover upon a note signed by Miner and Walker. The Chancellor gave judgment in favor of the petitioners on the note because in his judgment parol evidence was not admissible to vary the terms of the note, there being no ambiguities therein. The Court of Appeals reversed as to Walker because it was shown that he was an accommodation maker and the suit was between the parties to the note, the petitioners being the payees and Miner and Walker having signed as makers.

Because of the disagreement between the two lower courts and primarily because the petitioner is relying only on our recent case of *Lazarov v. Klyce,* 195 Tenn. 27, 225 S.W.2d 11, for the proposition that parol evidence is not admissible on a note of the kind, we have granted certiorari. Briefs have been filed, arguments heard and we now have the matter for disposition.

Miner made no defense and a judgment pro confesso was taken as to him. The appeal to Court of Appeals and the petition here does not concern Miner. It concerns only Walker who was conceded, under his answer and proof to be an accommodation maker under Section 47-129, T.C.A., which is Section 29 of the Uniform Negotiable Instruments Act.

■ The proof shows without contradiction that the petitioners, as payees of the note, had already accepted the note signed by Miner, to whom the petitioners had sold materials, before it was presented to a bank for discount which bank refused to discount the note until it was signed by Walker at the request of the petitioners. Walker, on signing the note, received no benefit therefrom. Under such circumstances he was clearly an accommodation maker as defined by the Code Section last above referred to.

■ Under circumstances as detailed in the last paragraph parol evidence was admissible under Section 47-116, T.C.A. This is Section 16 of the Uniform Negotiable Instruments Act. Under related facts this Court in *McConnell v. McCleish & Thomas,* 159 Tenn. 520, 19 S.W.2d 251, held an accommodation signer not liable. The Court, though, in its excellent opinion in the McConnell case made no reference to the question of parol evidence to vary a contract or note of the kind and gave no reasons why the parol evidence therein was admitted.

The petitioners here rely only on *Lazarov v. Klyce,* supra, as to why the Court of Appeals erred in permitting parol evidence to show the position of Walker in this case. Apparently the Chancellor relied upon the same opinion as authority in holding that parol evidence

was not admissible in giving judgment against Walker. In *Lazarov v. Klyce,* supra, this Court held that the parol evidence rule precluded the defendant Klyce, under the circumstances of that case, from showing that he had signed the note as an officer of a corporation. The Court, though, in the Klyce case had before it, and it was the only purpose of that case, an interpretation of Section 20 of the Uniform Negotiable Instruments Act which is carried in the Code as Section 47-120, T.C.A. This Section of the Code deals with the signature of an agent and does not involve the question here presented in any way. This Court in the Klyce case followed the majority rule as to the signature of an officer of the corporation, signing the same without designating that he was doing so as an officer and not individually. Thus it is that the Klyce case is in no wise authority for the situation here under consideration.

The rule and the reasons why parol evidence is admissible under the facts like those in the instant case is well stated by the authors of American Jurisprudence in Volume 8 thereof, under the heading of Bills and Notes, at page 632, Section 1050, as follows:

"The great weight of authority holds that as between the parties to a negotiable instrument, * * * parol evidence is admissible to show that the delivery of the instrument to the payee was a conditional delivery, and that by reason of a failure to perform or comply with the condition, the instrument never became a completed contract in praesenti. Such evidence does not contradict the writing within the meaning of the parol evidence rule; that rule presupposes the existence of a valid contract. The evidence in question is admissible

for the purpose of showing that there is no valid contract between the parties, because there was no finality of utterance. The inquiry is a preliminary one.''

Section 16 of the Uniform Negotiable Instruments Act (Section 47-116, T.C.A.) specifically provides that as between the immediate parties the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument. Under the answer and facts proven herein this was identically what was done. Under this Code Section (47-116, T.C.A.) parol evidence is admissible to show that this note was manually delivered to the payee, the petitioners here, to become an enforceable obligation only upon the happening of a certain event.

Thus it is for the reasons above set forth that we must conclude that the Court of Appeals was correct in its opinion herein. The judgment of the Court of Appeals will be affirmed.