SEABOARD FINANCE COMPANY OF CONNECTICUT, INC.
v. KENNETH W. DORMAN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-657-20375

Argued November 21—decided December 23, 1966

*Samuel H. Platcow*, of New Haven, for the appellant (defendant).

*Sid M. Miller*, of Hamden, for the appellee (plaintiff).

KINMONTH, J. This action was brought on a promissory note made by Kenneth W. Dorman and his wife, Geraldine Dorman, and payable to the

plaintiff. The defendants denied the allegations of the complaint and alleged lack of consideration. The court found the issues for the plaintiff, and the defendant Geraldine Dorman has appealed, assigning as error the court's refusal to correct the finding and that the conclusions are not supported by the facts found. As the first assignment is not pursued in her brief, it is considered abandoned. *Martino* v. *Grace-New Haven Community Hospital,* 146 Conn. 735, 736.

The court's finding may be summarized as follows: The defendants are husband and wife. The defendant Kenneth W. Dorman was interested in photography and was negotiating with Colonial Industries to purchase equipment and to receive training but needed money for that purpose. Both defendants went to the plaintiff's office and executed a note, as makers, and the plaintiff made out a check payable to Kenneth W. Dorman, in the presence of his wife, Geraldine Dorman. The defendant Geraldine Dorman received no consideration from the plaintiff for signing the note, but she signed the note for the purpose of lending her name to her husband. The court concluded that the defendant Geraldine was an accommodation maker and was thus liable on the note.

The sole issue in the case is whether the court erred in finding that Geraldine was an accommodation maker. "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." General Statutes § 42a-3-415 (1). In the instant case, Geraldine's signature on the note was admitted, although she did not testify, but she claims she received no consideration. "The motive with which an act is done may be, and often is, ascertained and determined by inference from the

proof of facts and circumstances connected with the transaction and the parties to it." *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 636. In the absence of direct evidence, the trier is entitled to draw reasonable and logical inferences, and its conclusion must stand unless no reasonable person could reach it. *Bruce* v. *McElhannon,* 141 Conn. 44, 47. The court found that Geraldine signed the note for the purpose of lending her name to her husband. A wife may be an accommodation maker for her husband and, as in other cases, the consideration which supports her promise to pay is that moving to the accommodated party, her husband. *Blacker* v. *Bukowitz,* 219 Md. 171, 172; *In re Templeton's Estate,* 201 Tenn. 431, 433. Geraldine had full knowledge of the meaning and purpose of the transaction which involved her husband, and the court properly concluded that she was an accommodation maker. The want of consideration is the peculiar characteristic of accommodation paper. *Ropkins* v. *Frascatore,* 97 Conn. 708, 711; *Hutchison* v. *Boney,* 72 N.M. 194; *Cross* v. *Miner,* 207 Tenn. 239, 241. Thus the defense of no consideration is ineffective. *Shakro* v. *Haddad,* 149 Conn. 160, 165.

When the instrument has been taken for value before it is due, the accommodation party is liable in the capacity in which he has signed, even though the taker knows of the accommodation. General Statutes § 42a-3-415 (2).

As the court's conclusions must be tested by the subordinate facts found, we cannot say the court erred in concluding that the defendant was an accommodation maker.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.