MALONE & HYDE FOOD SERVICES, A DIVISION OF MALONE & HYDE, INC., Plaintiff-Appellee,

v.

Edward PARSON, Individually, f/d/b/a Sonic Drive Inn, Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

Sept. 3, 1982.

Application for Permission to Appeal Denied by Supreme Court Nov. 22, 1982.

Brian L. Kuhn, Memphis, for defendant-appellant.

Ronald W. Kim, Memphis, for plaintiff-appellee.

NEARN, Judge.

Malone & Hyde sued Edward Parson for the balance due on a note. In a jury trial, at the close of all of the proof, the Trial Judge granted plaintiff's motion for a directed verdict and the defendant appeals.

The only issue on appeal is whether the Trial Judge was correct in granting the directed verdict.

In ruling on such motion or in reviewing the action of the Trial Judge on such motion either Court must take the strongest legitimate view of it [the evidence] in favor of the opponent of the motion and allow all reasonable inferences from it in his favor; discard all countervailing evidence and if there is any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the whole thing the motion must be denied. *Norman v. Liberty Life Assur. Co.,* (1977 Tenn.App. W.S.) 556 S.W.2d 772, 773.

Viewing the evidence in the manner prescribed, we must determine whether there are disputed material issues of fact for jury resolution. We find none.

The amount, date, balance, and the fact of execution of the instrument in question are not in dispute. The defense was that defendant was not personally liable on the instrument.

The defendant's evidence in defense was that he did not intend to sign the instrument in a personal capacity and thought his signature was made in a representative capacity as temporary manager for Sonic Drive Inn. The instrument in question clearly states on its face that Ed Parson does "promise to pay on the account of MALONE & HYDE FOOD SERVICES, Division of MALONE & HYDE, INC. vs. SONIC DRIVE IN the sum of Five Thousand, Eight Hundred, Twenty-Four and 47/100 Dollars ($5,824.47), with interest at the rate of seven and one-half per cent (7½) per annum from the above date." Further, there is no indication whatsoever on the instrument that Ed Parson signed in any capacity other than personal. The defendant's evidence does not attempt to prove a mutual mistake or any mistake other than a mistake of defendants unspoken subjective intent. Nor is there any claim the instrument is ambiguous. Nor is there any proof of fraud or coercion. The substance of the defense can be shown by defendant's testimony when, after admitting that he read the instrument before signing and was not coerced to sign it, he was asked why he had signed the instrument and he answered,

I thought I was obligated—the reason I signed the note, I, in good faith, that the

Sonic Drive Inn—we resolved the Sonic Drive Inn owed the note, and on this thing I just want to show that the company had the intent of paying it, and I think any company should pay their bills. It wasn't that I signed the note personally. I had no intent of doing that, if I did it, and I don't think I did it. I know I didn't do it.

 We hold that in matters of unambiguous written instruments absent proof of fraud, misrepresentation, undue influence and situations of like character, the unspoken subjective intent of a party is not relevant. If it is not relevant to the instrument sued upon it cannot constitute a disputed issue of material fact upon which a jury could base a verdict. *Ward v. Berry & Associates, Inc.,* (1981 Tenn.App.M.S.) 614 S.W.2d 372. Unambiguous instruments are for Courts to interpret as written, as a matter of law. See *Sutton v. First National Bank,* (1981 Tenn.App.E.S.) 620 S.W.2d 526. There being no other defense other than irrelevant proof adduced by the defendant, the Trial Judge did not err in granting the directed verdict and his action is affirmed.

Costs are adjudged against appellant and surety for which execution may issue, if necessary.

Done at Jackson in the two hundred and seventh year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

SUMMERS and TOMLIN, JJ., concur.