**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff–Appellant,**

v.

**TENNESSEE WILDCAT SERVICES, INC.; Jack W. Creech; and Arvil K. Guyton (87–5002), Troxel Motors, Inc.; Keith A. Jeffers; and Clendon Blakely (87–5047), Defendants–Appellees.**

Nos. 87–5002, 87–5047.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 3, 1987.

Decided Feb. 3, 1988.

A. Ann Johnson (argued), Michael L. Powell, Knoxville, Tenn., for plaintiff-appellant in No. 85–5047.

Stephen M. Crampton (argued), Baker, Worthington, Crossley, Stansberry and

Woolf, Huntsville, Tenn., for defendants-appellees in No. 87–5047.

Kathleen S. Molinar, Michael L. Powell, Knoxville, Tenn., A. Ann Johnson (argued), for plaintiff-appellant in No. 87–5002.

J. Randolph Humble (argued), Rainwater, Humble and Vowell, Knoxville, Tenn., for defendants-appellees in No. 87–5002.

Before LIVELY, Chief Judge, KENNEDY, Circuit Judge, and PECK, Senior Circuit Judge.

LIVELY, Chief Judge.

The question to be answered in these consolidated appeals is whether signers of promissory notes, who claim to have signed as corporate agents, sufficiently complied with legal requirements for avoiding personal liability. Holding that the signers had so complied, the district court, in separate orders, granted summary judgment in their favor. The Federal Deposit Insurance Corporation (FDIC), holder of the notes in its corporate capacity by virtue of purchase and assumption transactions, appeals, and we affirm.

I.

A.

Pertinent to our inquiry are the following portions of the pre-printed promissory notes, as filled in at the time of execution:

In No. 87–5002:

Maker
Full Name ___Tennessee Wildcat Service, Inc.___

UNITED AMERICAN BANK
in Knoxville
Officer _____ _____ __NEW _xRENEW

Maker
Full Name s/By: Jack Creech _____

Note ____ Acct. ____ Due
No. ___3`___ No. _7418056_ Date _8/9/82_

Endorser's or Guarantor's
Full Name and Address _____

- 012

At maturity, instrument will be ___ paid in full. ___renewed once with reduction of $____
___ renewed once with NO reduction; or ___ discussed with lending officer

Above for Bank Use Only
PROMISSORY NOTE, SECURITY AGREEMENT, AND DISCLOSURE STATEMENT
at Knoxville, Tennessee

Amount _$6,000.00_ Note Date _5-10, 1982_

FOR VALUE RECEIVED, the undersigned (hereinafter sometimes referred to as "Maker") jointly and severally if more than one Maker, promises to pay to the order of UNITED AMERICAN BANK IN KNOXVILLE, Knox County, Tennessee (hereinafter referred to as "Holder") at any of its banking offices (write out amount)
_____Six thousand dollars & No/100_____

_____Dollars.

* * *

Notice THE PROVISIONS APPEARING ON THE REVERSE SIDE HEREOF ARE INCORPORATED BY REFERENCE ONTO THE FACE HEREOF AND SHOULD BE CAREFULLY READ BEFORE SIGNING THIS INSTRUMENT. MAKER AGREES TO THE TERMS AND PROVISIONS HEREOF INCLUDING THE IMPOSITION OF ANY LOAN CHARGES INDICATED HEREON, AND ACKNOWLEDGES RECEIPT OF A COMPLETED, FILLED-IN COPY HEREOF ALONG WITH ANY ATTACHMENTS REFERRED TO HEREIN, THIS THE DATE FIRST ABOVE WRITTEN.

Maker _s/ By: Jack Creech_____ Maker _Tennessee Wildcat Service, Inc._
Complete
Address _Rt. #1 Clinton Hwy. Knoxville, Tn. 37912_ Maker _____

In No. 87–5047:

A separate "continuing guaranty" was executed by A.K. Guyton and appended to the Tennessee Wildcat Services note. Neither the corporation nor Guyton defended, and a default judgment was entered against them.

**B.**

In each case the district court concluded that under the law of Tennessee, use of the word "by" preceding a signature is legally sufficient to establish that the signature is made in a representative capacity when the principal is fully disclosed.

As it did in the district court, FDIC argues that the signers were required to show the capacity in which they signed the notes in addition to the use of "by." It supports this argument by pointing out that the district court relied on a Tennessee case that was decided prior to adoption of the Uniform Commercial Code (UCC) and contending that mere use of "by" is not sufficient under the UCC. As an alternative argument, FDIC asserts that use of the word "by" preceding a signature at most creates an ambiguity. This ambiguity cannot be resolved by parol evidence in this case, according to FDIC, because such evidence is admissible to rebut the presumption of a signer's personal liability only in actions between the immediate parties to an instrument.

The appellees maintain that the district court correctly applied Tennessee law and reached the proper result under the UCC and case law. They argue that the corporations were shown as the makers of the notes and the signers' representative capacities were clearly shown by use of the word "by." No holder of the notes, they contend, could reasonably believe that the signers personally obligated themselves under these facts.

**II.**

National uniformity is necessary in dealing with commercial transactions involving the United States. This rule has been applied in cases where FDIC seeks to recover on promissory notes in its corporate capacity. *F.D.I.C. v. Wood,* 758 F.2d 156, 159 (6th Cir.), *cert. denied,* 474 U.S. 944, 106 S.Ct. 308, 88 L.Ed.2d 286 (1985). The required uniformity is achieved, however, by adopting relevant portions of the UCC as the federal rule. *United States v. Willis,* 593 F.2d 247, 253 (6th Cir.1979). Although the parties discuss the question of whether state or federal law controls, this does not present a real problem in the present case because Tennessee has adopted the UCC.

Both FDIC and the signers rely on § 3–403 of the Model Uniform Commercial Code, codified in Tennessee in its entirety as Tenn.Code Ann. § 47–3–403 (1979) (T.C.A.):

**47–3–403. Signature by authorized representative.**—(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

(2) An authorized representative who signs his own name to an instrument:

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity. [Acts 1963, ch. 81, § 1 (3–403).]

Our decision is based on the language of § 3–403 and cases construing it.

### III.

The district court relied on *Lazarov v. Klyce*, 195 Tenn. 27, 255 S.W.2d 11 (1953), in holding that Tennessee law treats a signature preceded by the word "by" as sufficient to establish that a note has been signed in a representative rather than an individual capacity. FDIC contends that since *Lazarov* was decided prior to Tennessee's adoption of the UCC, it no longer controls. FDIC argues that the facts of these cases bring them squarely within the rule stated in § 3–403(2)(b) of the UCC, T.C.A. 47–3–403(2)(b). It is FDIC's position that use of the word "by" is not enough; a designation of the specific capacity of the signer is required to remove personal liability.

The appellees argue that *Lazarov* is still the law of Tennessee and point to this court's reference to *Lazarov* in *F.D.I.C. v. Armstrong*, 784 F.2d 741, 744 (6th Cir. 1986), where we stated:

> Under Tennessee law, unambiguous instruments are interpreted by the courts as they are clearly written as a matter of law. *Petty v. Sloan*, 197 Tenn. 630, 277 S.W.2d 355, 358 (1955). A signature on a note, without any limiting or descriptive language before or after it, clearly shows the assumption of a personal obligation, *Lazarov v. Klyce*, 195 Tenn. 27, 255 S.W.2d 11, 13 (1953), and the subjective intent of the maker is irrelevant. *Malone & Hyde Food Services v. Parson*, 642 S.W.2d 157, 159 (Tenn.Ct.App. 1982).

The note under consideration in *Lazarov* was signed as follows:

Independent Tool & Machine Co.

By: J.W. Clements

Arnold Klyce

The court held that nothing on the face of the note showed that "By" applied to Klyce as well as Clements, and thus the signature of Klyce did not create an ambiguity. That being the case, Klyce's signature, without any limiting language, created personal liability. No issue was raised as to Clements's signature; his signature was treated as that of the borrower's agent.

In at least one unpublished opinion, the Tennessee Court of Appeals has interpreted *Lazarov* as establishing the rule that prior to adoption of the UCC, use of the word "by" preceding a personal signature was adequate to show that the person signed in a representative, rather than a personal capacity. *City of Pulaski v. Cottrell* (Tenn.Ct.App., Middle Section, Nov. 30, 1979) at 2. The court of appeals went on to hold that adoption of the UCC by Tennessee did not abrogate this rule; the name of the principal followed by the word "by" and the name of the person signing is sufficient to relieve the signer of personal liability under the UCC. *Id.* at 5.

FDIC responds to these arguments by citing *F.D.I.C. v. Allen*, 584 F.Supp. 386 (E.D.Tenn.1984), in which a signer of a note

which showed the principal and preceded his signature with "by" was held personally liable. *Allen* was part of the flood of litigation that ensued from the collapse of the financial empire of Tennessee banker Jake Butcher. The district court's conclusion that Allen should be held personally liable was based on a finding that the loan and note under consideration were part of a three-year course of fraudulent conduct. *Id.* at 397. After reciting many irregular activities of Butcher, Allen and others in the name of the corporation, the court concluded that the corporation was not legitimate. Thus, the court pierced the corporate veil and held the individuals who sought to shield themselves by use of a corporate form personally liable. The court commented that Allen failed to indicate the capacity in which he signed, however, we do not believe this fact was determinative of the outcome. In making this comment the court appears to have been saying that if this combination of circumstances created an ambiguity, no parol evidence would be admissible to show the capacity in which Allen had signed since FDIC was not an immediate party to the note. *Id.* at 398. Our conclusion that the court in *Allen* did not treat the signer's failure to show his representative capacity as the basis of its decision to hold him personally liable is buttressed by the court's further observation concerning the irregularities surrounding the purported corporate principal:

> Regardless of Allen's failure to indicate his representative capacity on the note sued upon herein, it should be noted that no stock was ever issued by Valley Rental to anyone including Roe and Allen (Finding of Fact 25), and there was no capital contribution to Valley Rental & Leasing Co., Inc., prior to its beginning its purported corporate existence (Finding of Fact 27, 29 and 35). T.C.A. § 48-204.

*Id.*

## IV.

### A.

Although the district court decided these cases under Tennessee case law, we believe the decisions are correct under the UCC. Nowhere in § 3-403 is there a requirement that an agent designate the precise capacity in which he signs. A comment to this section does suggest that the best way to avoid personal liability is to show the principal's identity, use the word "by" before the signer's signature, and follow the signature with a designation of the signer's capacity. Under § 3-403(3), as a matter of law, a person who signs in this manner is not individually liable. However, other provisions of § 3-403 permit variations. A signer is personally obligated under § 3-403(2)(a) "if the instrument *neither* names the person represented *nor* shows that the representative signed in a representative capacity." (Emphasis added). In each of the cases under review, however, the name of the principal was shown on the face of the note as the maker and the signature on the note was preceded by the word "by," indicating that it was signed in some representative capacity. Thus § 3-403(2)(a) is inapplicable as well.

■■ Section 3-403(2)(b) would have come into play if either the names of the principals had been shown but there had been no indication that the signers acted in a representative capacity, or if the names of the principals had not been shown, but the notes had shown that the signers acted as representatives. In either of these circumstances, as between the immediate parties to the notes, parol evidence would be admitted to supply the missing information—either the identity of the principal or the fact of the signer's agency. However, as between a holder of the note other than the original lender and the signer, such parol evidence is not admissible and the signer is personally liable because he cannot supply the missing ingredient. When the principal is named on the face of a note or other negotiable instrument and the word "by" precedes the signature, while the signer is not exonerated from personal liability as a matter of law under § 3-403(3), neither is there an ambiguity requiring the aplication of § 3-403(2)(b). Such a situation falls between §§ 3-

403(2)(a) and 3–403(2)(b), and the court should determine from the entire instrument whether the signer is personally liable. *Southeastern Financial Corp. v. Smith,* 397 F.Supp. 649 (D.Ala.1975), *rev'd on other grounds,* 542 F.2d 278 (5th Cir. 1976).

■ A reading of § 3–403 as a whole supports our conclusion that while § 3–403(3) may identify the clearest way to establish that a signer acts in a representative capacity, it is not the only way. A leading treatise, J. White and R. Summers, *Uniform Commercial Code* (2d Ed. 1980), states at page 494, "section 3–403(3) does not purport to be an exclusive statement of symbols that show representative capacity." (Footnote omitted). The test should be whether a person who takes the note would reasonably believe, on the basis of what appears on its face, that the signer was personally responsible for payment. Where the principal is identified and shown on the face of the note as the maker and the word "by" precedes the signature of the signer, there is no ambiguity and the signer is not personally liable, absent some showing of fraud or other circumstance that requires a court to look beyond the face of the note.

### B.

FDIC relies on cases from jurisdictions other than Tennessee where signers claiming representative capacity have been held personally liable; however, these cases are distinguishable.

In *In re Turner,* 49 B.R. 231 (Bankr.D. Mass.1985), the court applied the "strict rule" that the corporate principal must be named with specificity before parol evidence will be admitted, and held the signer of checks personally liable. Turner's signature appeared on each check without any qualification, and the court found that the alleged corporate principal was not named with specificity. Thus Turner was liable under § 3–403(2)(a). In *Giacalone v. Bernstein,* 348 So.2d 679 (Fla.App.1977), the signer placed "by" before his signature, but did not show either the name of the principal or his representative capacity.

Since no principal was named, the holder of the note could reasonably look to the signer for payment, and the signer was held personally liable. In *Chiles v. Mann & Mann,* 240 Ark. 527, 400 S.W.2d 667 (1966), the signature shown was "Chiles Planting Company, By: E.B. Chiles, Jr." The signer sought to show by parol evidence that the "company" was a corporation and he was an authorized agent. However, the record showed that the "company" was actually just the trade name of the signer, and he was held personally liable.

In *Maine Gas & Appliances, Inc. v. Siegel,* 438 A.2d 888 (Me.1981), the note was signed as follows:

THOMAS HOUSE INN, INC.

By: /s/ Nancy T. Siegel, Nancy T. Siegel, Pres.

By: /s/ Harris B. Siegel, Harris B. Siegel

/s/ Robert W. Diehl, Robert W. Diehl

In finding Harris B. Siegel personally liable, the court stated that since Nancy T. Siegel signed as president on behalf of the corporation, Harris B. Siegel's signature was not necessary to bind the principal. Because the note did not identify a representative capacity for Harris B. Siegel, it could not be found as a matter of law that he signed in such a capacity under § 3–403(3). A jury, resolving the ambiguity created by the multiple signatures and different qualifying words, held Harris B. Siegel personally liable.

### CONCLUSION

If the manner of naming the maker or the manner of signing is such as to cause a person dealing with the instrument reasonably to believe that the signer is personally liable, he will be held personally liable unless the original parties are involved and the signer is permitted to establish agency by parol evidence. However, where the principal is clearly identified on the face of the instrument, use of the word "by" before the signature is sufficient to establish that the signer did so in a representative capacity.

The judgment of the district court is affirmed.