# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

**FILED**

June 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

CANONIE ENERGY, INC. and     )
WGI, INC.,                   )     ANDERSON CHANCERY
                             )
    Plaintiffs/Appellees     )     NO.  03A01-9710-CH-00481
                             )
v.                           )     HON.  WILLIAM E. LANTRIP
                             )     CHANCELLOR
TENNESSEE ENERGY PIPELINE    )
AND STORAGE COMPANY,         )
                             )
    Defendant/Appellant      )     REVERSED


Lewis S. Howard, Jr., Knoxville, for Appellant.

H. Bruce Guyton, Knoxville, for Appellee.


_____     **O P I N I O N**

INMAN, Senior Judge

This is an action for a declaratory judgment.

In 1992 an option was executed by four (4) corporations engaged in gas and oil exploration and development: Canonie Energy, Inc. [CEI]; WGI, Inc.; Coal Creek Mining and Manufacturing Co. [CC]; and Tennessee Energy Transport, Inc. [TET].  These corporations created TEPSCO, another corporation, in 1992, but CEI and WGI chose not to become shareholders at the time TEPSCO was chartered, choosing instead to have the right to acquire, by option, 25 percent of the shares of TEPSCO within three years.

To the extent pertinent, the Option provides:

      "WHEREAS, the parties agree, in accordance with the procedures and limitations set forth herein, to permit CEI/WGI to acquire a 25% stock ownership in TEPSCO.

NOW THEREFORE, in consideration of the mutual agreements and undertakings of the parties hereto, it is agreed as follows:

1. During a three (3) year period from the date hereof, on written notice of TEPSCO to CEI/WGI or CEI/WGI to TEPSCO (i) at such time as TEPSCO requires additional working capital, or (ii) at the option of CEI/WGI, CEI/WGI may acquire a 25% stock ownership in TEPSCO by timely making the cash payment for such 25% stock ownership as hereinafter determined by the appraisal method.

. . . . . . .

6. This right to acquire a 25% stock interest in TEPSCO may be invoked and exercised only once and only as to the entirety of such 25% interest, is non-assignable and non-transferable by CEI/WGI and shall terminate on the earlier of: (a) three years from this date, (b) the default by CEI/WGI in the investment schedule or other requirements under the Ex and Dev Agreement, (c) the notice to CEI/WGI under Paragraph 1 and the declination of CEI/WGI to purchase stock, or (d) the failure of CEI/WGI to timely close on the acquisition of stock hereunder and pay the consideration therefore."

On January 6, 1993, CEI notified TEPSCO that it elected to exercise the option to the exclusion of WGI and would acquire the 25% stock interest in TEPSCO for $500,000.00. Fifteen days later, Jerry Canonie and Don Helmboldt, officers of CEI, attended a board meeting of TEPSCO and reported that WGI was not participating in the transaction and would execute a waiver of its right to do so. TEPSCO acknowledged the exercise of the Option.

On March 1, 1993, the scheduled closing date for purchase of the TEPSCO stock by CEI, its representatives attended the offices of TEPSCO, but failed to tender the purchase price and could not close the transaction.

Two years later, on May 3, 1995, CEI/WGI sent a letter to TEPSCO attempting a second time to exercise the right to acquire 25% interest in TEPSCO under the Option. By letter dated May 8, 1995, TEPSCO advised

2

CEI/WGI that such rights had terminated pursuant to paragraph six (6) of the Option.

This action for a declaratory judgment was filed by CEI/WGI. The Complaint does not allege separate or severable rights as to the Option. Interestingly, the Complaint alleges CEI/WGI " . . . have properly and timely exercised their stock acquisition rights under The Option Agreement," and that TEPSCO refused to perform its obligations.

TEPSCO defended the action upon the premise that CEI and WGI exercised the Option for the agreed purchase price of $500,000.00, with the transaction to be closed on or before March 1,1993. The defendant alleged that the plaintiffs reneged and failed to pay the consideration, resulting in a default of closure, thereby activating section 6(d) of the contract which provides that the Option may be exercised only one time.

The Chancellor agreed and dismissed the action, but thereafter reconsidered and granted the plaintiffs specific performance. Because we find the Chancellor was correct the first time, the judgment is reversed and the case is dismissed.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996). Where there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and the scope of review is *de novo* with no presumption of correctness accompanying a chancellor's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn. 1993).

3

The appellant correctly argues that a resolution of this case involves interpretation of the Option, which is a matter of law and not one of fact. *Petty v. Sloane,* 277 S.W.2d 355 (Tenn. 1955). It is elementary that contracts must be enforced according to their terms. *Pearsall Motors v. Regal Chrysler-Plymouth, Inc.,* 521 S.W.2d 578 (Tenn. 1975); *Malone & Hyde Food Service v. Parson,* 642 S.W.2d 157 (Tenn. App. 1982).

We agree with the appellant that the Option, by its clear and unambiguous terms, granted a single, unseverable right to acquire a 25% stock ownership in TEPSCO to CEI/WGI and limited these optionees to a single exercise. The Chancellor determined, upon reconsideration, that his finding that the Option terminated when the transaction failed to close was applicable to CEI only, and not to WGI. This conclusion manifestly requires the presumption that *either* of these entities had exercisable rights. We are unable to agree, because there is no language in the Option to this effect, either directly or inferably. Moreover, the evidence clearly revealed that the Option was held jointly by CEI and WGI, and that the representatives of these optionees, at the January 21, 1993 board meeting, advised TEPSCO that WGI acquiesced in its exclusion. The corporate minutes reflect and affirm this fact. Significantly, none of the correspondence or documents generated after the January board meeting contains any reference to the involvement of WGI; no witness testified that WGI was improperly excluded, and it was stipulated that the Charter of WGI had been revoked, with its business winding up. Again significantly, WGI did not allege that it held a separate or severable right, and this issue was not raised at trial.

4

We agree with the appellant that the only right created by the Option was the "non-assignable and non-transferable" right of CEI/WGI jointly to acquire a single, 25% stock interest in TEPSCO, which right terminated when the transaction failed to close upon default of payment of the purchase price.

The judgment is reversed and the case is dismissed at the costs of the appellees.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

5