IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 11, 2015 Session

## VFS LEASING CO. v. WARREN MILLS

**Appeal from the Circuit Court for Shelby County**
**No. CT-001839-13      Jerry Stokes, Judge**

_____

**No. W2014-01085-COA-R3-CV – Filed April 30, 2015**

_____

This appeal arises from the grant of summary judgment in favor of Appellee on a breach of lease and guaranty agreements case. The trial court entered a judgment against Appellant for the deficiency owed under the lease agreement. Appellant argues that the guaranties executed to secure the lease were not signed by him in front of a notary public and, therefore, are invalid. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Scottie O. Wilkes, Memphis, Tennessee, for the appellant, Warren Mills.

J. Bennett Fox, Jr., Memphis, Tennessee, for the appellee, VFS Leasing Co.

## MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a

## I. Factual and Procedural History

This is a breach of lease and guaranty agreement case. On October 2, 2006, Choctaw II, LLC (Choctaw II), entered into a master lease agreement with Appellee VFS Leasing Company (VFS). Pursuant to the lease agreement, VFS agreed to lease to Choctaw II certain vehicles described in the schedules attached to the master lease. In consideration, Choctaw II agreed to make regular monthly lease payments to VFS pursuant to the applicable schedules attached to the master lease.

The master lease expressly states that the terms of the lease may not be terminated by Choctaw II for any reason whatsoever. The agreement further provides that Choctaw II's obligation to make all lease payments when due "shall be absolute and unconditional and shall not be subject to any abatement, reduction, set off, defense, counterclaim, interruption, deferment, recoupment or termination, under any circumstances or for any reason whatsoever, and shall not require prior notice or demand." To guarantee the "full, prompt, and complete payment and performance of all obligations of all sums, moneys, notes, loans, indebtedness, leases, or lease payments that shall at any time be due and payable to [VFS] . . . from Choctaw II," the Appellant Warren Mills signed two continuing guaranty agreements.

Choctaw II defaulted on its obligation to VFS by failing to make timely payments pursuant to the master lease and the accompanying schedules. VFS alleges in its complaint that Mr. Mills then defaulted on his obligations pursuant to the continuing guaranty agreements by failing to make any payments following Choctaw II's default. Following the defaults of Choctaw II and Mr. Mills, all of the vehicles involved were voluntarily surrendered to VFS and sold. After applying the proceeds from the sale, a deficiency balance of $130,244.92 remained. The amount of the deficiency has not been challenged by Appellant.

On April 26, 2013, VFS filed suit against Mr. Mills for breach of the continuing guaranty agreements. An amended complaint was filed on May 1, 2013 to include a certificate of service that was omitted from the original complaint. On July 11, 2013, Mr. Mills filed his answer, in which he alleged that the guaranties were fraudulently executed and that he never executed the guaranty agreements that are the subject of this lawsuit. On October 23, 2013, VFS filed a motion for summary judgment and a statement of undisputed

formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

material facts.

Mr. Mills subsequently filed a motion to inspect the original documents relating to the complaint. In his motion, Mr. Mills stated that he had retained a handwriting expert to examine the documents that purportedly contain his signature. On April 10, 2014, Mr. Mills filed his answer to VFS's statement of undisputed facts. At the time he filed his answer, Mr. Mills denied that "he signed the [continuing guaranties] and/or that he was aware that he was signing as a personal guaranty." Mr. Mills also filed a statement of disputed facts in which he stated that he "never executed the continuing guarant[ies]" in front of a notary, and that the continuing guaranties do "not have the correct social security number of Warren Mills." He also alleged that the acknowledgement by the notary does not contain the date on which the guaranties were signed. Although the record is unclear as to when Mr. Mills finally conceded he signed the guaranties, the trial court specifically found that the signatures on the guaranty documents belonged to Mr. Mills. On May 2, 2014, the trial court entered an order granting the motion for summary judgment in favor of VFS and awarding judgment in the amount of $130,244.92. Mr. Mills timely filed a notice of appeal.

## II.     Issues

There is one issue presented for review, which we restate as follows:

Whether the trial court properly granted summary judgment in favor of Appellee based on Appellant's liability for a debt under two guaranty agreements where it is undisputed that the signature on the guaranty agreements is Appellant's signature.

## III.     Standard of Review

The granting or denying of a motion for summary judgment is a matter of law, and our standard of review is de novo with no presumption of correctness. *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. "This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied." *Todd v. Shelby Cnty.,* 407 S.W.3d 212, 218 (Tenn. Ct. App. 2012).

## IV.     Analysis

We begin our analysis by noting that Mr. Mills acknowledges he signed the two continuing guaranties. In the order granting summary judgment, the trial court also found

3

that it was "undisputed that the signature on the guaranty documents is [Mr. Mills's] signature." During oral arguments before this Court, the attorney for Mr. Mills admitted that the handwriting expert they hired found that the signatures on the guaranty documents belonged to Mr. Mills. Counsel for VFS also stated during oral arguments that the trial court was aware of this concession at the time of summary judgment hearing. This statement was not challenged by Mr. Mills' attorney, leaving no material facts in dispute. Furthermore, in his brief, Mr. Mills admits that:

> In order to guarantee the full, prompt, and complete payment and performance of all obligations of all sums, moneys, notes, loans, indebtedness, leases, or lease payments that shall at any time be due and payable to the [Appellee] . . . from Choctaw II pursuant to the Master Lease Agreement and Schedules 001 and 002, [Appellant] Warren Mills executed [the] continuing guaranties.[2]

Guaranties are contracts and are governed by the general principles of contract law. The Statute of Frauds requires that a contract to pay the debts of another must be signed by the guarantor. *See 84 Lumber Co. v. Smith*, 356 S.W. 3d 380, 383 (Tenn. 2011) and Tennessee Code Annotated Section 29-2-101(a)(2).

In his brief, Mr. Mills cites four cases in support of his argument regarding the "questionable notary": *D.T. McCall & Sons v. Seagraves*, 796 S.W. 2d 457 (Tenn. Ct. App. 1990); *Underwood v. Tennessee Dept. Correction*, 2005 WL 123501 (Tenn. Ct. App. 2005); *Limor v. Fleet Mortgage Group*, 12 S.W. 3d 449, (Tenn. 2000); and *Figurers v. Fly*, 193 S.W. 117, (Tenn. 1916). Not only does the *Underwood* case fail to support Mr. Mills'

---

[2] We note, however, that Mr. Mills' appellate brief also states that: "[Mr. Mills] continues to deny that he signed the continuing guaranty." Accordingly, while much of the record indicates that Mr. Mills abandoned his claim that he did not sign the guaranty, he does not appear to fully concede this point. A review of Mr. Mills' statement of the issues on appeal, however, again suggests that Mr. Mills abandoned this argument. Indeed, Mr. Mills' statement of the issue presented for review only questions whether the trial court erred in granting summary judgment due to a "questionable notary." This Court has previously determined a party's failure to designate an argument as an issue in the statement of issues section of the party's appellate brief results in a waiver on appeal. *E.g., Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011); *see also* Tenn. R. App. P. 13(b) ("Review generally will only extend to those issues presented for review."). Because Mr. Mills did not raise the issue of whether he actually signed the guaranty as an issue in his appellate brief, any question regarding this issue is waived on appeal.

position, but we note that the *Underwood* case specifically states "NOT FOR CITATION" in bold print across the top of the opinion. Furthermore, the other three opinions cited do not support Mr. Mills' argument that the guaranties should be unenforceable based on the alleged shortcomings of the notarization contained therein. Additionally, Mr. Mills did not cite any authority in support of his position that that the guaranties failed because they contained the wrong social security number. As noted by the trial court, Mr. Mills:

> has not disputed the existence of the lease agreements or their terms or the subsequent breach of the agreements. [Mr. Mills] has also not disputed the amount due and owing to [VFS] resulting from the breach. . . . After the original lease and guaranty documents were produced and reviewed, [Mr. Mills] challenged the validity of the notarization of these documents, however, it is undisputed that the signature on the guaranty documents is [Mr. Mills's] signature.

It is a fundamental principal of contract law that an individual who signs a contract is presumed to have read the contract and is bound by its contents. *84 Lumber Co.*, 356 S.W. 3d at 383. An individual's signature, "without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation." *Lazarov v. Klyce*, 255 S.W.2d 11, 13 (Tenn. 1953). Under the facts here, where Appellant concedes he signed the guaranties and the default of the lease is undisputed, the guaranties are valid and enforceable against Appellant, as found by the trial court.

## V. CONCLUSION

For the foregoing reasons, we affirm the order of the trial court. This case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Warren Mills and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

5