UNITED AMERICAN BANK OF MEMPHIS, Plaintiff-Appellee,

v.

FIRST CITIZENS NATIONAL BANK OF DYERSBURG, Tennessee, Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

Oct. 19, 1988.

Rehearing Denied Nov. 3, 1988.

Permission to Appeal Denied by Supreme Court Jan. 23, 1989.

Oscar C. Carr, III, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, for defendant-appellant.

Richard M. Carter and C. Lee Cagle, Martin, Tate, Morrow & Marston, P.C., Memphis, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

This action was precipitated when the First Citizens National Bank of Dyersburg, Tennessee refused to honor[1] a cashier's check, which it had issued and subsequently was cashed and presented for payment by United American Bank of Memphis.

The cashier's check in the amount of $50,000.00 was made payable to the order of "Investment Ventures and Joseph Hart." Joseph Hart, who was authorized to sign and endorse all checks on the behalf of Investment Ventures, Incorporated, which had an account with plaintiff, personally appeared at one of plaintiff's branches and presented the check for payment. Hart endorsed the check in the presence of a teller by signing

Investment Ventures

Joseph Hart, pres.[2]

Plaintiff honored the check disbursing the funds to both Investment Ventures and Hart personally. The check, upon processing, was returned to plaintiff with the notation "Returned for Proper Endorsement".[3]

Both parties moved for summary judgment with supporting affidavits and, in granting summary judgment to the plaintiff, the trial court ruled:

The Court finds that the front of the check says Investment Ventures and Joseph Hart. The Court finds the endorsement to be sufficient as a matter of law in that it says Investment Ventures. It also has Joseph Hart, Pres. The court finds that the record is without dispute in that Mr. Hart negotiated this particular check.

Defendant insists that Hart by signing "Joseph Hart, pres." constituted an endorsement on behalf of the corporation in his representative capacity as president solely, relying upon T.C.A., § 47-3-403,[4] and focusing upon T.C.A., § 47-3-403(3), which provides:

(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

If the check had been solely payable to Investment Ventures the signature of Hart would, as a matter of law, have been made in a representative capacity, which is conceded by plaintiff. *See FDIC v. Tennessee Wildcat Services, Inc.,* 839 F.2d 251 (6th Cir.1988).

Our analysis begins with the overview: "Unless the instrument clearly indicates that a signature is made in some other capacity it is an endorsement", T.C.A., § 47-3-402, and the comments to the section observe: "The question is to be determined from the face of the instrument

1. T.C.A., § 47-3-507.

    (3) Return of an instrument for lack of proper endorsement is not dishonor.

2. "Pres." was in lower case and small print.

3. The affidavit of the executive vice-president of defendant bank states in pertinent part: "The checks which were deposited at the Bank which were to be used to fund the cashier's check ... were returned for insufficient funds."

4. T.C.A., § 47-3-403. *Signature by authorized representative.*

    (1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

    (2) An authorized representative who signs his own name to an instrument:
    (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
    (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
    (3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

alone, and unless the instrument itself makes it clear that he has signed in some other capacity the signer must be treated as an indorser."

Numerous cases have been cited to the court which are not applicable for varying reasons, including adjudications under the negotiable instrument law or where a single obligor or payee was involved. In the instant case, we conclude an ambiguity arises since the check is payable to the corporation and its officer. Clearly, under § 47–3–403, the endorsement "Investment Ventures" is an endorsement on the behalf of the corporation without more. Hart, by then endorsing his name and corporate title, creates the ambiguity in that he may have endorsed in either of his two capacities, *i.e.*, as a representative of the corporation or simply as the named payee.

The general rule on this circumstance was stated in *Maywood–Proviso State Bank v. Sotos,* 95 Ill.App.3d 155, 50 Ill.Dec. 560, 419 N.E.2d 668 (1981):

> Under this wording of the Uniform Commercial Code [§ 3–403] it has been held that parol evidence is admissible to show the capacity in which the person intended to sign the instrument where both the name of the person represented (in this case the corporation) and the name of the person sought to be held individually (George and Lambert Sotos) are on the instrument as possible signers. [Citations omitted.] 50 Ill.Dec. at 563, 419 N.E.2d at 671.

Although a pre-Code case, *Lazarov v. Klyce,* 195 Tenn. 27, 255 S.W.2d 11 (1953), is instructive on this point. In that case payee Lazarov sued co-maker Klyce individually on a note signed:

> Independent Tool & Machine Co.
>
> By J.W. Clements
>
> Arnold Klyce

Klyce defended on the basis the note was an obligation of the company and not himself but the court held Klyce personally liable on the obligation, concluding there was no ambiguity permitting parol evidence; however, the court observed:

> If Arnold Klyce had added after his signature, the words "Vice–President," those words might have created an ambiguity, and parol evidence might then have been admissible to show whether they had been used as description of the person or as indication that Klyce signed the note as Vice President, to bind only the corporation, ...

*Id.,* at 30, 255 S.W.2d 11.

It is generally agreed the admissibility of parol evidence to prove the intent of the signatory hinges largely on whether the instrument itself manifests some ambiguity and the vast disparity in cases is not due to disagreements as to the propriety of this principle but as to its application. Annot., 11 Am.Jur.2d, *Bills and Notes,* § 555, pp. 620–2. ("[T]here is a vast and long standing conflict—almost anarchy—in the application of the principles governing the admission of evidence to explain ambiguities, especially where a signature is followed by words or abbreviations which may be either descriptive or indicative of the contracting character of the signer". pp. 622–3)

Since Hart's endorsement was not on its face made in a representative capacity, as a matter of law the issue thus becomes in which capacity was the endorsement made. The evidence before the court is not disputed[5] and establishes, when considered in the context of T.C.A., § 47–3–402, that Hart's signature was his individual endorsement. *See Kroll v. Crest Plastics, Inc.,* 142 Mich.App. 284, 369 N.W.2d 487 (1985).[6] Accordingly, we affirm the judgment of the trial court at appellant's cost and remand.

TOMLIN, P.J. (W.S.), and GODDARD, J., concur.

---

5. Defendant correctly argues that the conclusions and hearsay testimony in the affidavits are not to be considered. T.R.C.P., 56.05.

6. *Kroll* states: "Under [UCC § 3–403(3)], a trial court may consider parol evidence in establishing personal liability, despite the fact that a promissory note has been signed in what appears to be a representative capacity."

OPINION ON PETITION TO REHEAR

Appellant's petition to rehear argues "the Court's opinion is in conflict with the express provisions of T.C.A. § 47–3–403(3)".

Clearly, parol evidence is admissible under § 47–3–403(3). UCC commentators Ray Hanson and William Davenport state:

Under § 3–403(3), except as otherwise established, the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity. The exception permits the introduction of parol evidence to expand the liability of a person who apparently signed in a representative capacity.

4 *Uniform Laws Annoted* 231 (1968). Moreover, James White and Robert Summers state:

If the agent signs "Inter–Galactic Transport Co. by Flash Gordon," he has probably signed in a representative capacity. But what if the agent signs for an individual: "Flash Gordon, Dr. Zarkhov, Agent"? The courts may wish to examine such a signature in light of extrinsic factors such as business practice, business expectations, and the like.

J. White and R. Summers, *Handbook on the Law of the Uniform Commercial Code,* § 13–4 at pp. 495–96 (2nd ed. 1980). Parol evidence was admitted in *Trenton Trust Co. v. Klausman,* 222 Pa.Super. 400, 296 A.2d 275 (1972), on a note with joint obligors and a near mirror joint endorsement. The court stated:

This is not a case of determining whether officers or their corporation should be liable. The corporation is undoubtedly liable but the question is whether the officers did or did not add their personal liability. The narrow issue presented to our Court is whether it was so clear as a matter of law that the endorsements were given in a representative capacity that the appellant was correctly precluded from introducing evidence to the contrary. 296 A.2d, at 276.

The court found the endorsement to be "a classic case of ambiguity" and concluded: "To hold that appellant should not have the opportunity to prove that the endorsements were made in a personal capacity is to read all meaning out of the [words 'except as otherwise established']." *Id.,* at 277.

The petition to reconsider is respectfully denied.