598 So.2d 172 (1992)
TAMPA BAY ECONOMIC DEVELOPMENT CORPORATION, Appellant,
v.
Stephen M. EDMAN, Appellee.
No. 91-02006.
District Court of Appeal of Florida, Second District.
April 29, 1992.
Shari L. Lefton and Jacqueline M. Spoto of Salem, Saxon & Nielsen, P.A., Tampa, for appellant.
Robert L. Donald, Jr., of Cramer, Haber, McDonald & LeVine, P.A., Tampa, for appellee.
RYDER, Acting Chief Judge.
Tampa Bay Economic Development Corporation (TEDCO) seeks review of the trial court's order of final judgment in favor of appellee, Edman, in this action brought on a promissory note and corporate guaranty. The final judgment found that the note was ambiguous, thereby allowing parol evidence, *173 and found that Edman was not personally liable on the note.
TEDCO is a nonprofit corporation which promotes economic development in Hillsborough County through loans to small businesses. Edman was the secretary for The Producers Group of Florida, Incorporated. In 1986, Producers Group applied to TEDCO for a $50,000.00 loan which TEDCO granted for the benefit of Producers Group. The issue in this case is whether Edman personally obligated himself on the note securing payment of the loan.
In order to secure the $50,000.00 loan, three documents were executed: a promissory note that incorporated parts of an unexecuted commitment letter; a corporate guaranty; and a security agreement. Producers Group failed to make any payments due on the note and TEDCO elected to accelerate payment on the loan. TEDCO then filed suit against Edman and Producers Group alleging that Edman was liable on the note and Producers Group was liable on the corporate guaranty.
The first sentence of the promissory note states "[f]or value received, the undersigned jointly and severally promise to pay to the order of Tampa Bay Economic Development Corporation ... the sum of fifty thousand dollars." The promissory note was signed by Edman and Eddie Beverly, in the following manner:
 /s/ Eddie Beverly, Jr., as its President
 (seal)
 /s/ Stephen M. Edman, as its Secretary
 (seal)
Beverly and Edman both wrote in, by hand, "as its president" and "as its secretary" respectively.
A corporate guaranty was signed contemporaneously with the promissory note. The guaranty reads, "[f]or good and valuable consideration, The Producers Group of Florida, Inc. hereby guarantees the Tampa Bay Economic Development Corporation prompt and full payment of the following debt." The corporate guaranty was signed as follows:
THE PRODUCERS GROUP OF FLA., INC. a Florida corporation, by the following officers solely on behalf of the corporation:
 /s/ Eddie Beverly, as its President
 CORPORATE PRESIDENT Eddie Beverly
 /s/ Stephen Edman, as its Secretary
 CORPORATE SECRETARY Steve Edman
 /s/ John Bauder, as its Treasurer
 CORPORATE TREASURER John Bauder
At the beginning of the trial, after hearing arguments on the issuxe, the trial court ruled that the promissory note was facially ambiguous. The trial court indicated that if it looked at the guaranty to interpret the note, that would be considering parol evidence which was not permitted unless and until a determination was made regarding the ambiguity of the note. Because the trial court found the note ambiguous on its face, the court admitted parol evidence to determine whether Edman was personally liable on the note. Both sides then presented evidence of whether the parties intended that Edman would be personally liable when he signed the note.
George Unanue, TEDCO's loan officer in charge of this particular loan, testified that he prepared the promissory note without the name of the corporation or the title of the individuals who were to sign in order to personally bind the individuals who were signing the note. The note also contained references to Producers Group concerning TEDCO's right to convert the outstanding loan principal to Producers Group stock. The corporate guaranty was executed in order that the corporation would also have to guarantee repayment of the loan.
Tony Collins, executive director of TEDCO at the time of the loan, testified that every one at Producers Group was asked to personally guarantee the loan, but they refused. He stated that the loan committee approved the loan without the individuals executing personal guarantees.
Eddie Beverly, former president of Producers Group and John Bauder, former treasurer of Producers Group both testified that the loan was not intended to be a personal obligation. Edman also testified *174 that he did not intend to sign the loan in an individual capacity.
The trial court entered an order holding that the documents were ambiguous and, therefore, parol evidence was admissible to prove the intent of the parties. The court further found that Edman was not personally liable on the note and that the note was only a corporate obligation. The trial court denied TEDCO's motion for rehearing and this appeal ensued.
TEDCO argues that the promissory note is not ambiguous and therefore parol evidence should not have been permitted to prove the parties' intent. TEDCO contends that when the note is read together with the corporate guaranty which was signed contemporaneously, as part of the same transaction, it is clear that the note is a personal obligation. TEDCO contends that to hold otherwise would render the corporate guaranty meaningless.
Edman, on the other hand, argues that we must confine ourselves to look within the four corners of the note itself, and that the note is ambiguous because of the manner in which it is signed; that being with no reference to the name of the corporation, but the individuals signing "as its president" and "as its secretary." Edman claims that the corporate guaranty is parol evidence and that it cannot be used if the note is held to be unambiguous.
We agree with TEDCO that the note is not ambiguous and, therefore parol evidence is not admissible to establish the intent of the parties. The language in the note which states that "[f]or value received, the undersigned jointly and severally promise to pay to the order of [TEDCO]," establishes that more than one person or entity was to be liable on the note. This language taken together with the fact that the signature block does not contain any reference to the corporation makes it clear that the individuals who signed the note were to be personally obligated. See Summit Consulting, Inc. v. J.J. Walsh Construction, Inc., 568 So.2d 1290 (Fla. 2d DCA), review dismissed, 576 So.2d 290 (Fla. 1990); Ross Oil Corp. v. Foshee, 517 So.2d 713 (Fla. 5th DCA 1987), review denied, 528 So.2d 1181 (Fla. 1988).
In addition, "[t]o interpret the guaranty as being a corporate guaranty because ["as its secretary"] was added to [Edman's] signature would result in the guaranty being meaningless." Summit Consulting, 568 So.2d at 1292. The corporate guaranty was executed simultaneously with the note, concerning the same transaction. It cannot be said to constitute parol evidence, because it is a part of the same transaction. See Roy v. Davidson Equipment, Inc., 423 So.2d 496 (Fla. 4th DCA 1982). The fact that Edman signed the note and added "as its secretary" does not make the note a corporate obligation, and does not create an ambiguity under the facts in this case. See Summit Consulting. "For a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless." Roy, 423 So.2d at 497. See also Summit Consulting, 568 So.2d at 1292 ("[c]ontracts must be construed, as far as possible, to give effect to every part thereof").
Edman argues that under section 673.403(2)(b), Florida Statutes (1989), the manner in which the note is executed makes it ambiguous, because the note "does not name the person represented but does show that the representative signed in a representative capacity." Section 673.403(2)(b) creates a presumption against the signor and states that the signor is personally obligated "[e]xcept as otherwise established between the immediate parties." The presence of the joint and several language and the existence of the corporate guaranty unambiguously demonstrates that the parties did not "otherwise establish" liability in this case.
Edman also contends that because references to Producers Group appear in the note, that there is an ambiguity as to the liability of the parties. However, the reference in the note to Producers Group does not concern the direct repayment of the loan, but refers to a stock conversion. All references to direct repayment of the loan are to the "undersigned" only. The references to Producers Group appear to have *175 no intended effect upon the individuals' signatures. Accordingly, the references in the note to Producers Group do not cause the note to become ambiguous. See Havatampa Corp. v. Walton Drug Co., 354 So.2d 1235 (Fla.2d DCA 1978).
The trial court erred in finding the promissory note ambiguous and in permitting Edman to testify that he did not intend to be personally liable. Accordingly, the case is reversed and remanded to the trial court for further proceedings consistent with this opinion.
PARKER, J., and CURRY, CHARLES B., Associate Judge, concur.