685 So.2d 93 (1997)
Angela WILLIAMSON, Appellant,
v.
Jim BERTINO, Sheila Bertino and ABTD Corporation, Inc., d/b/a International Tours of Juno Beach, Appellees.
No. 95-3566.
District Court of Appeal of Florida, Fourth District.
January 2, 1997.
*94 Steven Sloane Newburgh of Steven Sloane Newburgh, P.A., West Palm Beach, for appellant.
William E. Pruitt of Pruitt & Pruitt, P.A., West Palm Beach, for appellees.
GROSS, Judge.
This case turns on the construction of section 673.403(3), Florida Statutes (1991). Applying that subsection to this case, we hold that the form of appellant Angela Williamson's signature on a promissory note did not preclude, as a matter of law, any claim that she had personally obligated herself on the instrument.
In August, 1991, appellees Sheila and Jim Bertino sold their business to Phoenix Travel, Inc., a corporation controlled by John Kunkel and Angela Williamson. Phoenix Travel, Inc. executed a written sales contract as the party buying the business. In conjunction with the sales contract, Kunkel and *95 Williamson executed a separate promissory note for $45,000 payable to James and Sheila Bertino. Kunkel signed the note in the signature block provided. Williamson signed at the bottom of the note as follows:
Angela Williamson
VICE PRESIDENT
PHOENIX TRAVEL INT'L
Because no payment was made under the note and contract, the Bertinos filed suit against Williamson, Kunkel and Phoenix. Williamson's answer denied the complaint's allegation that she had signed the note in her individual capacity.
After Williamson's attorney withdrew from the case, the trial court entered an order informing her that unless she appeared at a June 30, 1995 status conference, her answer and affirmative defenses could be stricken and a default judgment could be entered against her. When Williamson failed to appear on June 30, the court set another hearing for August 25. Again, Williamson failed to appear. The court entered a default judgment against Williamson in her personal capacity.
Williamson challenges the validity of the default final judgment. We find no abuse of discretion in the entry of the default and final judgment. Therefore, reversal is required only if the complaint did not facially state a cause of action. Williamson's strongest argument is that the manner of her signature on the note established, as a matter of law, that she signed it on behalf of the corporation as its vice president. This view draws support from Havatampa Corp. v. Walton Drug Co., 354 So.2d 1235, 1237 (Fla. 2d DCA 1978), which states that section 673.403(3), Florida Statutes (1975) provides "one formula for the signature of an agent on behalf of his principal under which the agent cannot be found to be personally obligated." Although it is bright line and absolute, this statement of law is without support in the statute.
Section 673.403, Florida Statutes (1991)[1], provides:
(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.
(Emphasis supplied).
The only absolute rule in the statute is section 673.403(2)(a), which unequivocally establishes the personal liability of an agent if the instrument neither names the person represented, nor shows that the agent signed in a representative capacity. MJZ Corp. v. Gulfstream First Bank & Trust, 420 So.2d 396, 398 (Fla. 4th DCA 1982); Schwartz v. Disneyland Vista Records, 383 So.2d 1117, 1119 (Fla. 4th DCA), review denied, 392 So.2d 1378 (Fla.1980). In the situation covered by subsection (2)(a), an agent may not introduce parol or extrinsic evidence to avoid personal liability. According to one authority, the drafters of the statute set up a hurdle to an agent's use of parol evidence to avoid liabilitythe requirement that the instrument facially contain some indication of the agency relationship.

*96 The current version of the Code reverses the 1952 Code which excluded "parol evidence for any purpose except reformation." Evidently, the Code draftsmen believed that anyone permitted to prove his agency by parol should offer as an entry fee some extrinsic evidence that he acted in a representative capacity. Accordingly, parol evidence is not admissible when the agent merely signs his own name but does not indicate either the fact of representation or the name of his principal.
James J. White and Robert S. Summers, Uniform Commercial Code, § 13-5 (1988).
Subsections (2)(b) and (3) of the statute each begin with the prepositional phrase "except as otherwise established." This language signals not an absolute rule of construction, but a rule which can be overcome by evidence.
Section 673.403(2)(b), applies to two situations when an agent signs her own name to a note: (1) where the note names the principal, but does not show that the agent signed in a representative capacity and (2) where the note does not name the principal, but indicates that the signer acted as an agent. The phrase "[e]xcept as otherwise established" allows the agent to introduce parol or extrinsic evidence to prove that she is not personally obligated on the note. Subsection (2)(b) places the burden of proof on the agent seeking to avoid personal liabilitythe agent is "personally obligated" except as "otherwise established" by the agent. See Tampa Bay Economic Dev. Corp. v. Edman, 598 So.2d 172, 174 (Fla. 2d DCA 1992); Bank of Cent. Florida v. Zellwood Farmers Mkt. Inc., 543 So.2d 455 (Fla. 5th DCA 1989).
Section 673.403(3), applies when the note appears to have been signed in an agency capacity; that is, when the note contains the "name of an organization preceded or followed by the name and office of an authorized individual." The effect of the introductory phrase "[e]xcept as otherwise established" is to allow the introduction of parol evidence and to place the burden of proof on the party advocating for the agent's personal liability. Kroll v. Crest Plastics, Inc., 142 Mich.App. 284, 369 N.W.2d 487, 490 (1985); United Am. Bank of Memphis v. First Citizens Nat'l Bank, 764 S.W.2d 555 (Tenn.Ct. App.1988). Unlike subsection (2), which requires the agent to prove the absence of liability, subsection (3) places the burden of proof on the party seeking to impose personal liability on the agent. Contrary to the broad language of Havatampa, an agent's compliance with subsection (3) does not foreclose the possibility of the agent's personal liability, it only makes it more difficult to prove.
Havatampa cites no authority for its pronouncement concerning section 673.403(3)'s "formula" for a signer agent avoiding personal liability. Although the case footnotes section 13-5 of White and Summers, it overlooks that authority's description of the form of signature which will always defeat a claim that the agent is personally liable:
To be certain that an agent will receive the blessing of the Code, he should sign in the following manner: "InterGalactic Transport Co. by Flash Gordon, Pres.".... An agent who so signs will not have to bear his principal's burden.
White and Summers, Uniform Commercial Code at § 13-5. Comment 3 to Section 403 of the Uniform Commercial Code supports this characterization of the form of signature which will avoid personal liability. Referring to the example "Peter Pringle by Arthur Adams, Agent," the Comment observes that this is the "unambiguous way" to make the agency capacity clear on the face of the note.
Although Williamson's signature on the note in this case did comply with section 673.403(3), she did not sign "as" vice president or "for" the corporation. The form of her signature did not include that crucial preposition that would have conclusively signified her agency capacity. Therefore, the allegation in the amended complaint that Williamson was personally liable on the note was not foreclosed by the manner of her signature. Appellees were entitled to litigate the issue of Williamson's agency. Had the case gone to trial, the Bertinos would have borne the burden of proof on the issue of Williamson's personal liability. Certainly one crucial fact arguing against Williamson's *97 position would have been that the note was executed as part of the sale of a business. Since the corporation was already liable on the contract of sale, it made no business sense for it to guarantee its own debt and to assume liability on the related note. See Tampa Bay Economic Dev. Corp., 598 So.2d at 174.
Because the amended complaint stated a valid cause of action for Williamson's individual liability, the default final judgment is affirmed.
WARNER, J., and HAUSER, JAMES C., Associate Judge, concur.
NOTES
[1] In 1992, the Florida legislature repealed section 673.403 and replaced it with section 673.4021. Ch. 92-82, §§ 1, 2 at 759, Laws of Fla. Section 673.4021(2) establishes a presumption that if a signature does not show unambiguously that it was made in a representative capacity, then the representative is personally liable.