**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

FILED

**August 25, 1999**

**Cecil Crowson, Jr.
Appellate Court
Clerk**

NATIONSBANK OF TENNESSEE, )    HAMILTON
CHANCERY

                            )    (No. 73919)

      Plaintiff/Appellant      )

                            )

v.                              )    NO. 03A01-9808-CH-00279

                            )

FORMPAK, INC. and        )    HON. HOWELL N. PEOPLES
RON CAMPBELL,          )    CHANCELLOR

                            )

      Defendants/Appellees     )    REVERSED
                            )    and REMANDED


Ron Cunningham, Knoxville, for Appellant.

C. Mark Warren, Chattanooga, for Appellees.


**O P I N I O N**

_____INMAN, Senior Judge

This is an action filed on November 15, 1993 on a sworn account. The complaint alleges that on August 7, 1990 the "defendant signed a note payable to the plaintiff,"[1] which remains unpaid and for which judgment is demanded.

Both defendants answered. Execution of the note was admitted. Failure to pay was denied. By way of affirmative defense the defendants alleged that on February 10, 1993 the plaintiff "initiated litigation with defendants" and that the case was settled. The defendant Campbell specially pleaded that the promissory note was executed by him as President of Formpak, Inc. and not individually.

The case was heard on February 19, 1998.[2] The Chancellor found:

---

[1]There are two defendants. The sworn account is directed to Ron E. Campbell.

[2]During the intervening years of dormancy, the case was twice dismissed for lack of prosecution, and twice reinstated.

"Two loans were made by NationsBank to Formpak, Inc.; there was a prior lawsuit involving what has been identified as the "commercial note"; the lawsuit was resolved by agreement of the parties; that in the implementation of the agreement dismissing the previous lawsuit the title to the truck was released; the individuals involved in that transaction were not here to testify; the evidence of what happened from NationsBank's perspective as contained in a computer printout of notes; and these notes indicated that on June 23, 1993 the customer was told that he could keep the truck and had paid the note off. There are two interpretations about the release, one, that the release to Mr. Campbell and Formpak, Inc. was intended to release Mr. Campbell from liability for the consumer note, and the other interpretation is that the release was not intended to release Mr. Campbell and Formpak, Inc. from the consumer note. The Chancellor found that a statement contained in the notes by a Mr. Yates, an employee of NationsBank, indicates that NationsBank intended to release Mr. Campbell from liability on the consumer note; it is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. The Plaintiff failed to meet its burden by preponderance of the evidence to show that Formpak and Mr. Campbell were still liable for the consumer note and therefore this case is dismissed."

The plaintiff appeals, and presents for review the propriety of this finding.

Our review is *de novo* on the record accompanied by a presumption of correctness unless the evidence otherwise preponderates. Rule 13(d), T.R.A.P.

An earlier action was filed against Formpak to enforce a security agreement for a promissory note dated September 10, 1990[3] by which the plaintiff acquired a security interest in "all the accounts receivable, inventory, fixtures, and equipment" owned by Formpak. This action was settled on February 12, 1993. The agreed order of dismissal recites that "Formpak, Inc. [has paid] the note in full . . . ." and that "Nationsbank of Tennessee does hereby release all inventory, furniture, fixtures, and equipment and the personal guarantee of Ron and Diane Campbell . . . .". As will be seen later, this order pertained only to the commercial note.

_____

[3]This was a renewal note which apparently aggregated various promissory notes executed by Formpak, Inc. to the plaintiff bank or its predecessor in ownership.

The promissory note [the consumer loan] involved in the litigation at Bar was executed on August 7, 1990. The borrowed funds were utilized for the purchase of a 1991 GMC Jimmy, in which the plaintiff acquired a security interest by title lien, which was released "as part of the agreed order".[4]

The consumer note is not in the record, but its essential and material provisions are recited in the Statement of Evidence, filed in lieu of a transcript.[5] The unrefuted evidence reveals that Ron Campbell "admitted that he executed the note to purchase a 1991 GMC truck", and that "he signed the document [note] twice, on different lines, one signature line contained [his] signature accompanied by the designation 'President', [and] the other line containing his signature had no other mark besides his signature". He testified that he did not sign the note personally but only as a representative of Formpak, but could not explain why he signed the note twice.

A loan officer for the plaintiff, Bill Bledsoe, testified that the bank has separate divisions for the handling of promissory notes, one located in Charlotte and the other in Greensboro, and that these division do not share information. The Charlotte office handles commercial paper. Mr Bledsoe testified that the Bank did not intend to release Mr. Campbell from liability for the consumer loan.

The appellant argues that Mr. Campbell was required to be personally liable as evidenced by his signatures, one of which was appended in his role as President of Formpak, Inc., while the second signature was unadorned.

T.C.A. § 47-3-402(b)(2) provides that a person acting or purporting to act or a representative is liable on the instrument unless he proves that the parties did

---

[4]According to the appellant's brief. Although of little relevance to the instant case, the release of the title lien was inadvertent.

[5]This Statement of Evidence authorized by Rule 24, T.R.A.P. was not objected to and hence is available upon appellate review.

not so intend. As between the immediate parties, parol evidence is admissible to prove the signer's agency, *FDIC v. Tennessee Wildcat Servs., Inc.*, 839 F.2d 25 (6th Cir. 1988), if the instrument itself manifests some ambiguity. *United Am. Bank v. First Citizens Nat'l Bank*, 764 S.W.2d 555, (Tenn. Ct. App. 1988). See, also, *Acme Metals, Inc. v. Weddington*, 575 S.W.2d 15, (Tenn. Ct. App.1978); *Bill Walker & Assoc. v. Parrish*, 770 S.W. 764, (Tenn. Ct. App 1989). The appellee does not rely heavily on his assertion that he signed the note solely in a representative capacity, which is understandable in light of the fact that he offers no explanation for his actions in signing the instrument on behalf of Formpak Inc., and again individually. We hold that the preponderance of the evidence established that Mr. Campbell intended to be personally liable on the consumer loan.

Even so, the appellee argues that he was released from liability by the release instrument heretofore referenced, and thus it is that the liability of the defendants hinges upon a determination of whether the release encompassed the consumer note.

T.C.A. § 24-7-106 provides that all releases shall have effect according to the intentions of the parties. See, *Quality Care Nursing Servs., Inc. v. Coleman*, 728 S.W.2d 1, (Tenn. 1987).

It should be noted that the agreed order of dismissal of the suit to recover the commercial note makes no mention of the consumer note, the proceeds of which financed the purchase of the truck, and the consumer note was never returned to Mr. Campbell. Another bank official said that the release of the title lien on the truck was made in error, and that it was never the intention of the parties that the consumer loan would be forgiven. It should further be noted that the sum paid by

4

Mr. Campbell in settlement of the case involving the commercial note *did not include* the amount owing on the consumer loan. The fact that the truck lien was released, albeit mistakenly, or that a bank official said that Mr. Campbell "could have his truck" is of little significance to a resolution of this case. Neither ownership, nor possession, nor whether the truck is subject to a security interest, is at issue.

Finally, we note that the statement by another bank official, Mr. Yates, that "Mr. Campbell paid the note off", apparently referred to the commercial note, rather than the consumer loan.

It results that the judgment of dismissal is not supported by a preponderance of all the evidence, and that the appellant is entitled to recover on the consumer loan from Formpak, Inc. and Mr. Campbell. The judgment is accordingly reversed, and the case is remanded to the trial court for a determination of the amount owing, including principal, interest, and attorney fees as permitted in the consumer note. Costs are assessed to the appellees.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge



_____
Charles D. Susano, Jr., Judge