IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 17, 2014 Session

**DONALD E. PRICE v. OXFORD GRADUATE SCHOOL, INC.**

**Appeal from the Chancery Court for Rhea County**
**No. 12CV10753    Hon. Jeffrey F. Stewart, Judge**

---

**No. E2013-02467-COA-R3-CV-FILED-JULY 30, 2014**

---

This is a breach of contract case in which an administrator filed suit against a school for unpaid severance pay. The school claimed that the administrator did not provide the requisite 30-day notice for severance pay pursuant to the terms of his contract. The trial court found that the administrator satisfied the notice requirement under the term of his contract and awarded him damages. The school appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, and THOMAS R. FRIERSON, II, JJ., joined.

J. Arnold Fitzgerald, Dayton, Tennessee, for the appellant, Oxford Graduate School, Inc.

Stephen T. Greer, Dunlap, Tennessee, for the appellee, Donald E. Price, D.Th.

**OPINION**

**I.  BACKGROUND**

Oxford Graduate School, Inc. ("Oxford"), a faith based graduate school in Dayton, Tennessee, entered into an employment agreement with Donald E. Price, D.Th. to hire him as its President and CEO. Part 9 of the employment agreement ("Part 9") reads:

Should the Board of Regents decide to terminate Dr. Price's employment, he shall be given thirty days' written notice and compensated for three months

pay from that date. In turn, Dr. Price may terminate his employment with similar terms.

When Dr. Price tendered his written resignation, the letter provided, in pertinent part,

> I hereby submit my resignation as the President and CEO of Oxford Graduate School. I expect the board to honor my contract by giving me the 90 days severance pay it stipulates. At the contractual rate of $90,000.00 per year, that would be $22,500.00. In exchange, I will do what I can to help with the transition over the next 90 days.

Despite numerous requests following his resignation, Oxford refused to provide severance pay. Consequently, Dr. Price filed suit against Oxford for $22,500.

A hearing was held at which several witnesses testified, including Dr. Price and Loren Humphrey, MD, Ph.D, a corporate representative for Oxford. Each testified about the language in Dr. Price's resignation letter and employment contract, as well as parol evidence regarding the drafting of the employment agreement and Part 9 in particular.[1]

Dr. Humphrey testified that Part 9 required Dr. Price to terminate his employment with "similar, but not identical terms." He noted that Dr. Price requested the 30-day notice and severance pay provision because he was leaving a higher paid position in a different state. According to Dr. Humphrey, Part 9 was taken from a different document and was not prepared by an attorney. Dr. Humphrey also testified that Dr. Price voluntarily resigned and did not give any prior notice before submitting his resignation letter. He conceded that Dr. Price offered to work with the school for 90 days.

Dr. Price testified that he requested the 30-day notice and severance pay provision because he was leaving a higher paying job from a different state. He said the severance provision was important to him but that Oxford did not express a desire for a similar provision. Dr. Price explicitly stated that he would not have signed the contract without the provision. He also testified that he voluntarily resigned and offered to work for 90 days after submitting his letter. He conceded that he did not give any notice prior to tendering his resignation.

---

[1]The trial court initially allowed parol evidence because the court was undecided on whether Part 9 was ambiguous. After ruling that the contract was unambiguous, the trial court properly excluded all parol evidence testimony before issuing its decision.

-2-

Following the presentation of the above evidence and testimony, the trial court found that the contract was unambiguous and that Dr. Price terminated his employment with "similar terms" to the 30-day notice requirement imposed upon Oxford. Accordingly the trial court awarded Dr. Price $22,500 in damages.

## II. ISSUE

We consolidate and restate the issue raised on appeal by Oxford as follows:

Whether the trial court erred in awarding Dr. Price damages after finding that he satisfied the terms of the employment agreement.

## III. STANDARD OF REVIEW

The standard of review for a non-jury case is de novo upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995); *Colonial Pipeline Co. v. Nashville & Eastern R.R. Co.*, 253 S.W.3d 616, 620 (Tenn. Ct. App. 2007). The factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). With respect to the legal issues, this court's review is conducted under a pure de novo standard of review. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). However, the interpretation of written agreements is a matter of law, which this court reviews de novo without a presumption of correctness. *See Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999).

## IV. DISCUSSION

Oxford contends that the trial court erred by finding that Dr. Price was entitled to severance pay. Oxford asserts that Dr. Price failed to provide the requisite 30-day notice pursuant to the contract and argues that Dr. Price voluntarily terminated his employment without notice. Dr. Price responds that he satisfied the 30-day requirement by offering his assistance with the transition for 90 days.

The cardinal rule of contract interpretation is that the court must attempt to ascertain and give effect to the intention of the parties. *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005). In attempting to ascertain the intent of the parties, the court must examine the language of the contract, giving each word its usual, natural, and ordinary meaning. *See*

*Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). The court's initial task in construing the contract is to determine whether the language is ambiguous. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002). A contract is ambiguous if its meaning is uncertain and is susceptible to more than one reasonable interpretation. *See Bonastia v. Berman Bros.*, 914 F.Supp. 1533, 1537 (W.D. Tenn. 1995); *Frank Rudy Heirs Assocs. v. Moore & Assocs., Inc.*, 919 S.W.2d 609, 613 (Tenn. Ct. App. 1995); *Gredig v. Tennessee Farmers Mut. Ins. Co.*, 891 S.W.2d 909, 912 (Tenn. Ct. App. 1994). If the court determines that the language of a contract is ambiguous, the ambiguity is construed against the drafter of the contract. *See Hanover Ins. Co v. Haney*, 425 S.W.2d 590, 592 (Tenn. 1968); *Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 598 (Tenn. Ct. App. 1999).

Ordinarily, the parol evidence rule would prevent a party to a written contract from contradicting the terms of the contract by seeking the admission of "extrinsic" evidence. *See e.g.*, *Maddox v. Webb Constr. Co.*, 562 S.W.2d 198, 201 (Tenn. 1978); *Airline Constr., Inc. v. Barr*, 807 S.W.2d 247, 259 (Tenn. Ct. App. 1990). Parol evidence is inadmissible to add to, vary, or contradict contract language. *Stickley v. Carmichael*, 850 S.W.2d 127, 132 (Tenn. 1992). "[I]t is generally agreed that the admissibility of parol evidence to prove the intent of the signatory hinges on whether the instrument itself manifests some ambiguity. *Campora v. Ford*, 1124 S.W.3d 624, 629 (Tenn. Ct. App. 2003) (citing *United American Bank v. First Citizens Nat'l Bank*, 764 S.W.2d 555 (Tenn. Ct. App. 1998)). In general terms, an ambiguity occurs where a word or phrase is capable of more than one meaning when viewed in the context of the entire agreement by an objective and reasonable person. *Id.* (citing *Walk-in Med. Ctrs., Inc. v. Breuer Capital Corp.*, 818 F.2d 260, 263 (2d Cir. 1987)).

We agree with the trial court that the terms of the contract are clear and unambiguous and that the previously considered parol evidence was properly excluded. Accordingly, we must now consider whether Dr. Price's resignation was compliant with the terms of the contract. Part 9 required Oxford to provide Dr. Price with 30 days notice, thereby entitling him to severance pay. Dr. Price tendered his written resignation and offered to avail himself to the school for 90 days following the submission of his resignation letter. We agree with the trial court that Dr. Price satisfied the condition of resigning under "similar terms" by availing himself to Oxford for 90 days after tendering his resignation. At that point, Oxford could have called upon Dr. Price to continue to provide services for this ninety (90) day period since it had committed to compensate him. Without a request from Oxford coupled with a refusal from Dr. Price the ninety (90) day compensation provision was binding upon Oxford. With these considerations in mind, we conclude that the trial court did not err in awarding Dr. Price severance pay in the amount of $22,500.

## V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Oxford Graduate School, Inc.

_____
JOHN W. McCLARTY, JUDGE