590 So.2d 1113 (1991)
Frederick E. GRAVES and Betty Graves, Appellants,
v.
Vincent A. GIORDANO and Ione M. Giordano, et al., Appellees.
No. 91-1183.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Order on Denial of Rehearing March 25, 1992.
Frederick E. Graves and Betty Graves, pro se.
Oakley Gentry, Jr., Fort Lauderdale, for appellees.
PER CURIAM.
Appellees sued to foreclose a mortgage on realty in Broward County. Appellants' motion to dismiss was denied on November 21, 1990, with leave to answer within twenty days. On January 19, 1991, appellees filed a motion for default which was heard and granted on January 24, 1991, and filed with the clerk at 2:39 p.m. Appellants had filed a response to the motion for default, a motion to correct order, and an answer, affirmative defenses and counterclaim on the same day, January 24, 1991, at 10:39 a.m. Thus, the record reflects that at the time the order granting a default was filed with the clerk the appellants' various pleadings had already been filed. The trial court denied appellants' motion for rehearing and to vacate the default and this appeal ensued.
Florida Rule of Civil Procedure 1.500(c) provides that "a party may plead or otherwise defend at any time before default is entered." Furthermore, "an order may not be deemed to have been entered, notwithstanding its having been signed by the court, until it is actually filed *1114 with the clerk." Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734, 735 (Fla. 3d DCA 1980). The record reflects that, when the default was "entered," appellant's answer and other pleadings were already filed. Thus, under the aforementioned rule, entry of a default was inappropriate.
Accordingly, the judgment appealed from is reversed and the cause is remanded to the trial court with directions to vacate the order of default and subsequent proceedings and for further appropriate proceedings.
GLICKSTEIN, C.J., and DOWNEY and GUNTHER, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that appellees' Petition for rehearing filed January 27, 1992, is hereby denied and stricken; further,
ORDERED that upon consideration of appellants' February 11, 1992, motion, the motion to strike petition for rehearing is hereby granted, the motion for entry of sanctions, including reasonable attorney's fees and costs, is hereby denied.