PER CURIAM.
Lenhal Realty appeals from an order that denies its motion to vacate a default. We reverse.
Appellees’ motion for default was set for hearing on March 17, 1992, at 8:45 a.m. Appellants did not attend the hearing, but filed a motion to dismiss plaintiffs’ complaint and motion to strike at 9:15 a.m. on March 17, as evidenced by the clerk’s stamp. At the hearing, the trial court granted appellees’ motion for default against appellants; however, that order was not stamped in by the Clerk of the Court until the following day, March 18, 1992. Florida Rule of Civil Procedure 1.500(c) provides that “a party may plead or otherwise defend at any time before default is entered.” In Graves v. Giordano, 590 So.2d 1113 (Fla. 4th DCA 1991), we agreed with our sister court in Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734, 735 (Fla. 3d DCA 1980), that “an order may not be deemed to have been entered, notwithstanding its having been signed by the court, until it is actually filed with the clerk.” Since at the time the order granting default was entered, appellant had already filed its motion to dismiss, entry of default was error. Graves.
Accordingly, we reverse the order denying appellant’s motion to set aside the default and remand for further proceedings.
GUNTHER, POLEN and FARMER, JJ., concur.