615 So.2d 207 (1993)
LENHAL REALTY, INC. and Rose LaBarca, Appellants,
v.
TRANSAMERICA COMMERCIAL FINANCE CORPORATION, Appellee.
No. 92-3127.
District Court of Appeal of Florida, Fourth District.
March 3, 1993.
Barry A. Mandelkorn, Nancy W. Gregoire, and Edward A. Liccitra of Ruden, Barnett, McClosky, Smith, Schustert & Russell, P.A., Fort Lauderdale, for appellants.
Christopher Q. Wintter and Kenneth J. Miller of Wintter & Cummings, Hollywood, for appellee.
HERSEY, Judge.
Lenhal Realty, Inc., appeals from a summary judgment which found the corporation liable for failure to make payments under an equipment lease. Rose LaBarca also appeals from that aspect of the summary judgment which holds her liable as a guarantor of the corporation's performance. *208 The issue of damages was not determined by the summary judgment.
Lenhal Realty, Inc., leased certain equipment from Borg Warner Leasing, a division of Borg Warner Acceptance Corporation, for a five-year term. Rose LaBarca's name appears as a guarantor on the lease. Transamerica Commercial Finance Corporation succeeded to the interests of the original lessor, Borg Warner Leasing. Lenhal Realty, Inc., sold the business and assigned the lease to Florida Eastern Development Company, Inc. Florida Eastern made only three or four payments on the lease and then defaulted.
Transamerica subsequently filed suit to recover rent against Lenhal, LaBarca and other defendants. A default was entered against Lenhal, although in a separate appeal that default was vacated and the matter returned to the trial court for further proceedings. See Lenhal Realty, Inc. v. Transamerica Commercial Fin. Corp., 611 So.2d 79 (Fla. 4th DCA 1992).
As to Lenhal, at all times pertinent to this court's inquiry into the correctness of the summary judgment Lenhal was precluded by the default from asserting any defensive matter going to the issue of liability. See Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981) (a default entered for failure to plead precludes a party from contesting liability); see generally, Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982). By analogy, Scherr v. Andrews, 497 So.2d 970 (Fla. 3d DCA 1986), is instructive on this issue. There, entry of a summary judgment was held to be premature because the non-moving party had been prevented by an existing protective order from discovery of information that might have been useful in opposing a motion for summary judgment. Here, appellant Lenhal may have been prevented by the existing default from raising its defenses against liability. Because we have recently vacated that default, we now reverse the order on motion for summary judgment against Lenhal and remand to permit Lenhal to assert any defenses it may have, and then to permit the trial court to reconsider the motion for summary judgment in light of those defenses, if any.
The name of Rose LaBarca appears as a guarantor of the leasing arrangement. The sole issue on liability is whether that signature is a forgery. Despite argument by appellee Transamerica to the contrary, we find that appellants never conceded the authenticity of LaBarca's signature. The second issue, then, is whether Transamerica, as the moving party, met the burden of proof required for entry of summary judgment.
Appellants correctly cite case law holding that the burden is initially on the movant for summary judgment to demonstrate the nonexistence of any question of material fact, and only when the movant has tendered competent evidence in support of its motion does the burden shift and fall on the other party to come forward with opposing evidence to show that a question of material fact exists. See, e.g., Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979); Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966). Moreover, the movant's proof of the nonexistence of a genuine issue of fact must be conclusive, such that all reasonable inferences which may be drawn in favor of the opposing party are overcome. Holl, 191 So.2d at 43.
In support of the assertion that Rose LaBarca executed the guaranty, Transamerica offered the affidavit of Jeff Hatch, Transamerica's collection manager. In the affidavit, Hatch, among other assertions, said that based on either his own knowledge or his knowledge based on business records regularly maintained by Transamerica in the ordinary course of business or from information received from a person with knowledge of the pertinent events, Rose LaBarca had executed the guaranty as an inducement to the predecessor lessor to enter into the lease. However, at deposition Hatch admitted that he had no personal knowledge that Rose LaBarca executed the guaranty, and had not spoken with any witnesses to the purported execution. He did not know who, if anyone, at Transamerica could testify as to the authenticity of LaBarca's signature.
*209 Appellants argue that, under these circumstances, the Hatch affidavit is insufficient to support summary judgment. We agree. See, e.g., Montejo Investments, N.V. v. Green Companies, Inc. of Florida, 471 So.2d 158, 159 (Fla. 3d DCA 1985) (Pursuant to Florida Rule of Civil Procedure 1.510(e), an affidavit in support of a motion for summary judgment is defective if it fails to be made on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiant is competent to testify as to the matters stated in the affidavit).
Accordingly, we hold that appellee failed to meet the heavy burden of proof required for entry of summary judgment. Therefore, we reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.