PARKER, Acting Chief Judge.
J&J Industries, Inc. (J&J), appeals the order entering a default against J & J for failing to timely file an answer, and the nonfinal order dismissing its counterclaim against Carpet Showcase of Tampa Bay, Inc. (Carpet). We reverse the default and affirm the dismissal of the counterclaim.
J&J asserts that the trial court erred by entering the default on its own motion without giving J&J notice of default when J&J had filed a counterclaim and an answer before the court ordered the default. Florida Rule of Civil Procedure 1.500(b) provides:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served notice of the application for default.
(Emphasis added.)
The record supports that although J&J untimely filed its answer and counterclaim, it did file these items before the court entered a default; therefore, the court erred by entering the default without giving J&J notice. See EGF Tampa Assocs. v. Edgar V. Bohlen, G.F.G.M. A.G., 532 So.2d 1318, 1320 (Fla. 2d DCA 1988) (holding that any paper served prior to entry of default requires that the party against whom default is sought shall receive notice of the application for default). See also Barnett Bank of Southwest Florida v. Anderson, 488 So.2d 923, 924 (Fla. 2d DCA 1986) (holding that it was error for the trial court to enter default after defendant filed amended answer).
J&J also contends that the trial court erred by dismissing its counterclaim, which J&J filed four years after Carpet filed its original complaint. The trial court determined that pursuant to the guidelines set forth in Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992), the counterclaim was not compulsory because there was no logical relationship between the two claims. We agree, based on the record *1043 before this court, that the counterclaim is not compulsory.
We affirm the nonfinal order dismissing the counterclaim; however, we set aside the default and remand for further proceedings in the trial court.
GREEN, J., and DANAHY, PAUL W„ (Senior) Judge, Concur.