HOLMES, ILONA, Associate Judge.
Appellants TLC Trust (TLC) and Jeff Brown (Brown) appeal from the trial court’s entry of a default final judgment. We reverse as to Brown and remand for further proceedings.
In October 1991, Appellee, Shirley Sender (Sender), and Brown entered into a purchase option agreement for the purchase of land. According to the agreement, in order to exercise the option, Brown was to pay the property taxes and all county assessments for a full year or tender the full purchase price. In return, Sender would execute a warranty deed transferring the property to Brown. In the event of a breach, the full purchase price would be due.
Brown defaulted and Sender paid all taxes and assessments for the years 1992 and 1993. In December 1993, Sender executed a warranty deed transferring the property to TLC. According to Sender, there was an agreement that TLC would not record the deed until Brown paid the delinquent taxes. Notwithstanding this agreement, TLC recorded the warranty deed. Sender then sued both TLC and *571 Brown to quiet title to the property. Sender served Brown personally and also served Brown with TLC’s summons.
Brown filed a motion to dismiss the complaint, which was granted by the trial court. The court, however, granted Sender twenty (20) days to file an amended complaint. TLC and Brown were given ten (10) days to file an answer to the amended complaint. Sender filed her amended complaint on February 6, 1998. In March 1998, Sender moved for and obtained a default against TLC. Shortly thereafter, Brown filed an answer asserting several affirmative defenses as well as a counterclaim against Sender.
In August 1998, Sender moved for, and the trial court entered, a default final judgment quieting title to the property against the claims of TLC and Brown. Brown subsequently filed a motion for rehearing, as well as a motion to set aside the default final judgment.
On appeal, TLC and Brown contend that the trial court erred in entering a default judgment against Brown. Florida Rule of Civil Procedure 1.500(c) provides that “[a] party may plead or otherwise defend at any time before default is entered.” A default is, therefore, improper when a party has filed a responsive pleading prior to the entry of default. See Graves v. Giordano, 590 So.2d 1113 (Fla. 4th DCA 1991). The record reflects that at the time the default judgment was entered, Brown’s answer and other pleadings were already filed.
In order to enter a default after a party has appeared in the action by filing or serving any papers, notice of the application for default must be served. See Zeigler v. Huston, 626 So.2d 1046, 1048 (Fla. 4th DCA 1993); Fla. R. Civ. P. 1.500(b). The record reflects that Brown did not have notice of the application for default as required by rule 1.500. ' The entry of default judgment against Brown was, therefore, inappropriate.
As to the default judgment against TLC, we find that TLC waived this issue by failing to challenge the default in the trial court. The record reflects that TLC did not file a responsive pleading prior to the entry of default, nor did TLC move to set aside the default judgment. Further, there is nothing in the record to indicate that the pleadings filed by Brown are also the pleadings of TLC.
TLC and Brown also contend that service of process on TLC was improper. We find that TLC and Brown failed to preserve this issue for appellate review. Thus, this court may not consider it on direct appeal.
Accordingly, we reverse the default judgment as to Brown, but affirm as to TLC. This cause is remanded for further proceedings' consistent with this opinion.
GUNTHER and FARMER, JJ, concur.