DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BALDOMIANO RANGEL,**
Appellant,

v.

**MIDFIRST BANK, FRANCISCO TAPIA, ELIA PUGA, JOSE ANDRES SANCHEZ** a/k/a **ANDRES SANCHEZ, UNKNOWN SPOUSE OF FRANCISCO TAPIA, UNKNOWN SPOUSE OF JOSE ANDRES SANCHEZ** a/k/a **ANDRES SANCHEZ, UNKNOWN TENANT 1, UNKNOWN TENANT 2, AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER OR AGAINST THE ABOVE NAMED DEFENDANT(S), WHO (IS/ARE) NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES CLAIM AS HEIRS, DEVISEES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES, SPOUSES, OR OTHER CLAIMANTS, CLERK OF THE CIRCUIT COURT OF PALM BEACH COUNTY, FLORIDA, STATE OF FLORIDA DEPARTMENT OF REVENUE,**
Appellees.

No. 4D15-548

[March 2, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Judge; L.T. Case No. 502013CA002688XXXXMB.

Ronald Denis of Denis Law Offices, P.A., West Palm Beach, for appellant.

Nicole R. Ramirez of eXL Legal, PLLC, St. Petersburg, for appellee MidFirst Bank.

DAMOORGIAN, J.

Baldomiano Rangel ("Homeowner") appeals the trial court's entry of a final judgment of foreclosure in favor of MidFirst Bank (the "Bank") following a bench trial. Homeowner specifically argues that the trial court erred in striking his belated answer without first entering a default. Although we conclude the court erred in striking the belated answer, we affirm because Homeowner did not preserve the error in any manner.

By way of background, the Bank initiated a residential foreclosure action against Homeowner and moved for judicial default after he failed to file any responsive pleadings. In response, Homeowner filed a motion to dismiss the foreclosure action. The trial court denied Homeowner's motion and ordered Homeowner to file his answer within twenty days from the date of the order, specifying that "[i]f the [Homeowner] fails to timely file an Answer pursuant to this Order, the [Homeowner] shall be deemed in default without any further action by the Court." Homeowner did not comply with the order and instead waited nearly nine months to file his answer. No default was entered during those nine months. The Bank moved to strike the belated answer, arguing that Homeowner's failure to comply with the trial court's order constituted an automatic default per the self-executing language in that order.

The record reflects that a hearing was held on the Bank's motion to strike the answer. However, Homeowner has not provided this Court with a transcript from that hearing. Following the hearing, the trial court granted the motion and ordered Homeowner's answer be stricken without "prejudice to [the Homeowner] to set aside the default." Homeowner did not move to set aside the default. Instead, after the matter was set for trial, Homeowner notified the court that he would not be attending the trial because to do so would be futile in light of the trial court's order striking his answer. Following the bench trial, which Homeowner did not attend, the trial court entered final judgment of foreclosure in favor of the Bank. This appeal follows.

We first hold that the trial court's "self-executing" default language is not permitted under Florida Rule of Civil Procedure 1.500(c), which specifically requires both notice of the application of default and actual entry of default:

> (b) **By the Court**. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; *provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.*
>
> (c) **Right to Plead.** *A party may plead or otherwise defend at any time before default is entered.* If a party in default files any paper after the default is entered, the clerk shall notify

the party of the entry of the default. The clerk shall make an entry on the progress docket showing the notification.

Fla. R. Civ. P. 1.500(b)-(c) (emphasis added); *TLC Trust v. Sender*, 757 So. 2d 570, 571 (Fla. 4th DCA 2000) ("A default is, therefore, improper when a party has filed a responsive pleading prior to the entry of default."); *J&J Indus., Inc. v. Carpet Showcase of Tampa Bay, Inc.*, 745 So. 2d 1042, 1042 (Fla. 2d DCA 1999) (holding that although the defendant failed to file a timely answer, the court erred by entering default without first giving the defendant notice of application of default). The purported "self-executing" default against Homeowner was, therefore, not authorized by law and the trial court erred in striking his answer on the basis of default.

We nonetheless hold that by failing to provide this Court with a transcript from the hearing on the Bank's motion to strike the answer, and by further failing to appear at trial, we have no record to indicate that Homeowner notified the trial court that it erred in striking his answer on the basis of default. Thus, Homeowner did not preserve the error. *Cf. Stuart-Findlay v. Bank of Am., Nat'l Ass'n*, 2016 WL 231704 at *2 (Fla. 4th DCA Jan. 20, 2016) (borrower preserved error of improperly entered default by: (1) filing a motion to vacate the default; (2) filing a motion for rehearing of the order denying the motion to vacate the default; and (3) at the beginning of trial, orally moving to vacate the default).

Because we have no record indicating that Homeowner notified the court of its error, we cannot say that raising this error at the start of the trial would have been futile. *Cf. Amquip Crane Rental, LLC v. Vercon Constr. Mgmt.*, 60 So. 3d 536, 539 (Fla. 4th DCA 2011) (where transcript clearly revealed that appellant contested the trial court's denial of its right to a trial by jury, and appellant subsequently filed a motion for rehearing on the same issue, which also was denied, a renewal of the demand for a jury trial at the beginning of the nonjury trial would have been futile).

Furthermore, the purported default only served to admit liability and not damages. *See Sec. Bank, N.A. v. BellSouth Adver. & Publ'g Corp.*, 679 So. 2d 795, 798 (Fla. 3d DCA 1996) ("It is well settled that when a plaintiff obtains a default in a suit for unliquidated damages, the default only establishes liability. It remains necessary for the plaintiff to prove its damages at a hearing after notice to the defaulting party."). Therefore, it was incumbent on Homeowner to attend the bench trial and provide the trial court with the opportunity to rule on the validity of the default and to defend on the issue of damages.

3

Accordingly, we affirm the entry of final judgment of foreclosure in favor of the Bank.

*Affirmed.*

TAYLOR and GERBER, JJ. concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**