IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN S. TURAN AND MERCEDES TURAN,

      Appellants,

 v.                                       Case No.  5D17-215

NATIONSTAR MORTGAGE, LLC,
RAINBOW SPRINGS PROPERTY
OWNERS ASSOCIATION, INC.,
PROGRESSIVE INSURANCE COMPANY,
AS SUBROGEE OF DONNA VEZINA, ET AL.,

      Appellees.

_____/

Opinion filed April 27, 2018

Appeal from the Circuit Court
for Marion County,
S. Sue Robbins, Judge.

Mark P. Stopa, of Stopa Law Firm, LLC,
Tampa; Latasha Scott, of Lord Scott, PLLC,
of Tampa, for Appellants.

Charles P. Gufford, of McCalla Raymer
Leibert Pierce, LLC, Orlando, for Appellee,
Nationstar Mortgage, LLC.

No Appearance for other Appellees.

PER CURIAM.

      John and Mercedes Turan appeal from a final summary judgment of foreclosure in

favor of Nationstar Mortgage, LLC, following the entry of a judicial default.  We reverse.

After being served with Nationstar's amended complaint, the Turans, through counsel, filed a motion to dismiss. After considering Nationstar's response, the trial court denied the motion to dismiss, directing the Turans to "file an answer to the complaint within 10 days of the date of this order the failure of which may result in a judicial default being entered without further notice or hearing." When the Turans failed to timely file their answer, the trial court entered a judicial default without a motion from Nationstar or notice to the Turans. Less than a week later, they filed their answer and affirmative defenses. After the trial court denied their motion to vacate the judicial default, a final summary judgment of foreclosure was entered in favor of Nationstar from which the Turans now appeal.

As the Turans correctly argue, Florida Rule of Civil Procedure 1.500(b) authorizes the entry of a default by the court, but when a party has filed or served any document in the action, "that party must be served with notice of the application for default." As a result, a trial court order that provides that a judicial default will be automatically entered in the absence of a timely answer is noncompliant with the rule. See Rangel v. MidFirst Bank, 187 So. 3d 289, 290-91 (Fla. 4th DCA 2016) (holding that trial court's "self-executing" default language is not permitted under rule 1.500(c), which requires notice of application for default); accord Green Sols. Int'l, Inc. v. Gilligan, 807 So. 2d 693, 696 (Fla. 5th DCA 2002) (stating once "any paper" has been served, rule 1.500(b) requires proper notice of default be given to opposing party, and court enter default). The judicial default was improvidently entered, hence, the final judgment based on that default must be set aside and this matter remanded for further proceedings.

REVERSED and REMANDED.

ORFINGER, EVANDER and LAMBERT, JJ., concur.