DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AZURE-MOORE INVESTMENTS LLC,**
Appellant,

v.

**GARY HOYEN,**
Appellee.

No. 4D19-2619

[August 5, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18-024328 (13).

Alix J. Montes of The AJM Law Group, P.A., Miami, for appellant.

No appearance filed for appellee.

BOKOR, ALEXANDER, Associate Judge.

"The witching hour . . . was a special moment in the middle of the night when every child and grown-up was in a deep deep sleep, and all the dark things came out from hiding and had the world to themselves."[1]  But that's just fantasy.  Surely, there can be nothing hiding in the dark for a prepared litigant in a lawsuit that complies with deadlines.  That is, of course, assuming deadlines are followed and matters are pursued with diligence.  None of that happened here.  This is a story of missed deadlines (on both sides), motions not properly set, and late answers—creating a real life "witching hour" for the appellants, resulting in entry of default final judgment against them, after they filed an answer after a court deadline.  Fortunately for the appellants, their late-filed answer, due process, and the rules of civil procedure prevent entry of a subsequent default or default final judgment.  Under the plain language of Florida Rule of Civil Procedure 1.500(c), an answer filed prior to entry of default precludes the entry of default final judgment.  Accordingly, the underlying default final judgment must be vacated, and the matter remanded to the trial court to proceed

---

[1] ROALD DAHL, THE BFG 2 (Penguin Random House Children's UK, colour ed. 2015).

with the case.

### *Procedural History*

The underlying case consisted of a dispute over interests in property between the parties. The case started off like most do, with a complaint and a response. To wit, Azure-Moore responded to the complaint with a motion to dismiss. The trial court granted the motion to dismiss without prejudice, giving fifteen days to amend. At this point, things took a turn, and the delay, lack of compliance with law, court orders, and proper procedure that led us to this point started.

After approximately two-and-a-half months, Gary Hoyen and EMCH Investments ("Appellees"), filed an amended complaint. Azure-Moore, now acting pro se, moved to dismiss for lack of compliance with the trial court's fifteen-day deadline to amend. Importantly, the trial court never ruled on this motion. The trial court did, however, hold a hearing on Plaintiff's motion for default and the same day entered an order giving Azure-Moore ten days to answer the amended complaint. Specifically, the order held that if Azure-Moore failed to answer within the ten-day period, then the trial court would "automatically enter a default against the Defendants." The ten-day deadline elapsed, and Azure-Moore filed no answer. However, the trial court did not enter a default. Instead, the next docket entry was Azure-Moore filing an answer to the amended complaint through newly retained counsel.

The next day, despite an answer on the docket, and no default on the books preceding the answer, and no motion to strike the answer having been made, heard, or granted, the trial court entered a default final judgment quieting title and granting declaratory relief.[2] Azure-Moore timely moved to vacate the default final judgment as premature, correctly noting that "the court entered a final judgment based upon a nonexistent default even though an answer was filed in the case." Azure-Moore also moved for an emergency injunction to prevent the Appellees from enforcing the final judgment. The trial court never ruled on the motion to vacate; however, it denied the emergency injunction without prejudice to Azure-Moore, "showing excusable neglect as to why no responsive pleading was

---

[2] The final judgment states that the matter was before the trial court on a "[m]otion for entry of final judgment upon default." No such motion appears in the record. The trial court may have been intending to refer to the motion for court default. However, as explained earlier, that motion was neither heard nor was an order entered on such motion prior to the filing of the answer to the amended complaint.

filed pursuant to the July 1, 2019 order."[3]  This appeal followed.

### *Standard of Review*

We review the entry of a default final judgment for abuse of discretion. *Williamson v. Bertino*, 685 So. 2d 93, 95 (Fla. 4th DCA 1997); *Robles v. Fed. Nat'l Mortg. Ass'n*, 255 So. 3d 986, 988 (Fla. 3d DCA 2018).  However, we review de novo the trial court's compliance with the requirements of due process.  *VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011).

### *Legal Analysis*

After motions to dismiss, hearings, denial of the motion, and a long and winding history of amendments, resets, missed deadlines, changed counsel, and general delay, the trial court had enough and issued a clear deadline to answer.  However, a default, after appearance, is not self-executing.  The entry of an answer, without more, should have precluded entry of a default final judgment.  The trial court nonetheless entered a default final judgment.

Accordingly, the legal issue in this case can be disposed of by a review of the relevant rule of civil procedure.  Florida Rule of Civil Procedure 1.500(c) provides that "[a] party may plead or otherwise defend **at any time** before default is entered" (emphasis added).  The trial court's deadline to answer passed, but the order's admonition that the court would "automatically" enter a default was not done, and Azure-Moore filed an answer.

First, a default after an appearance is not "automatic" in the sense that it is self-executing with no further action by the court.  Once "any paper" has been served, as had been done in this case, Rule 1.500(b) requires that "the court, *not* the clerk, enter any default." *Ziff v. Stuber*, 596 So. 2d 754, 755 (Fla. 4th DCA 1992).  "Self-executing" default language is not permitted under Rule 1.500(c), "which specifically requires both notice of the application of default and actual entry of default."  *Rangel v. MidFirst Bank*, 187 So. 3d 289, 290–91 (Fla. 4th DCA 2016).  This means that a default at this point can neither be entered as a ministerial matter by the

---

[3] Azure-Moore made timely motions to vacate and for an injunction.  Even though the trial court never ruled on the motion to vacate the default final judgment, the legal grounds for such relief were presented in both motions to the trial court, which the trial court did not grant.  The same arguments underline this appeal.  Accordingly, we have jurisdiction.

- 3 -

clerk, nor can it spring into being automatically—the language of the rule clearly and unambiguously requires affirmative, additional action by the court. Specifically, the court must "enter" the default. That was not done here prior to counsel filing the answer. Under Rule 1.500(c), a default is "improper when a party has filed a responsive pleading prior to the entry of default." *TLC Trust v. Sender*, 757 So. 2d 570, 571 (Fla. 4th DCA 2000).

Here, the trial court had a clear order requiring an answer by a deadline. While not self-executing, certainly the parties were on notice, and the trial court could have entered a default with no further hearing at any time after the deadline but before the filing of the untimely answer. Here, with no default entered, an answer on the record, and no order striking the answer, the trial court was without authority to enter a default and certainly had no basis to enter a default final judgment. Nonetheless, the trial court entered such a default final judgment. Appellant timely brought the matter to the trial court's attention, and the default final judgment should have been vacated. That was not done here.

### *Conclusion*

Accordingly, the default final judgment is vacated and remanded to the trial court. This Court need not reach the second issue on appeal regarding the denial of the entry of the injunction. As the default final judgment is vacated, any actions that flowed from such judgment must be rescinded.

*Vacated and remanded for further proceedings.*

LEVINE, C.J., and CIKLIN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***