DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL CANO** and **TAMARA CONCHITA WARD,**
Appellants,

v.

**GUARDIANSHIP OF MIRDZA MUSA KALNINS CANO,**
Appellee.

No. 4D20-1589

[May 19, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502018GA000337XXXNB.

Enrique Nieves, III, of Enrique Nieves, P.A., West Palm Beach, for appellants.

No appearance for appellee.

GROSS, J.

Michael Cano and Tamara Conchita Ward appeal a final default judgment. We reverse, holding that their filing of a responsive pleading to an amended petition precluded the later entry of a default.

Along with their brother, David Cano, appellants were appointed as co-guardians of the property of their incapacitated mother. David filed an amended petition to remove appellants as co-guardians of the mother's property. David later moved for the entry of a judicial default, alleging that the deadline for responding to the amended petition had passed and that appellants had not filed any responsive pleading.

On March 12, 2020, prior to the entry of a default, appellants filed a response and objection to the amended petition.

On March 25, 2020, the trial court granted the motion for judicial default. The trial court's order incorrectly stated that appellants had failed to file or serve any responsive pleading to the amended petition. On April

14, 2020, the trial court entered a final default judgment, which removed appellants as co-guardians of the property.

On April 28, 2020, appellants timely filed a "Motion for Rehearing to Vacate Final Default Judgment." Relying on Florida Rule of Civil Procedure 1.500(c), appellants argued that the final default judgment should be vacated because they filed a responsive pleading before the default was entered.

The trial court denied the motion for rehearing, reasoning that, because a final default judgment had been entered against appellants, the court's analysis was "governed by Florida Rule of Civil Procedure 1.540(b), not Florida Rule of Civil Procedure 1.500." The court went on to rule that appellants had "not demonstrated that their failure to file a responsive pleading was based on excusable neglect, nor have they set forth a meritorious defense." This appeal ensued.

Florida Rule of Civil Procedure 1.500(c) states that "[a] party may plead or otherwise defend at any time before default is entered." Florida's appellate courts "have uniformly interpreted rule 1.500(c) as providing that the entry of default is improper when a party has filed a responsive pleading or otherwise defended before the entry of default." *Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1259 (Fla. 2008). As we recently explained, "[u]nder the plain language of Florida Rule of Civil Procedure 1.500(c), an answer filed prior to entry of default precludes the entry of default final judgment." *Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1269 (Fla. 4th DCA 2020); *see also TLC Trust v. Sender*, 757 So. 2d 570, 571 (Fla. 4th DCA 2000).

Where a default has been improperly entered, the resulting final judgment must be set aside regardless of whether the defendant has established excusable neglect or a meritorious defense. *Yellow Jacket Marina, Inc. v. Paletti*, 670 So. 2d 170, 171 (Fla. 1st DCA 1996); *Gavin v. Gavin*, 456 So. 2d 535, 538 (Fla. 1st DCA 1984); *Cohen v. Barnett Bank of S. Fla., N.A.*, 433 So. 2d 1354, 1355 n.3 (Fla. 3d DCA 1983); *Chester, Blackburn & Roder, Inc. v. Marchese*, 383 So. 2d 734, 735 n.3 (Fla. 3d DCA 1980). "The distinction is thus made between on the one hand asking the court to exercise its sound judicial discretion to set aside a default judgment properly entered, and on the other hand seeking a court order to set aside a default judgment erroneously entered." *Mo-Con Props., Inc. v. Am. Mech., Inc.*, 289 So. 2d 744, 745 (Fla. 4th DCA 1974).

Applying the plain language of rule 1.500(c), we conclude that the trial court erred in entering the default and the final default judgment where

appellants had filed a responsive pleading before any default was entered. The trial court appeared to be operating under the erroneous assumption that no responsive pleading had been filed prior to the entry of the default. Because appellants had already filed a responsive pleading before a default had been entered, "the trial court was without authority to enter a default and certainly had no basis to enter a default final judgment." *Azure-Moore*, 300 So. 3d at 1270.

It was proper for appellants to seek to vacate the final default judgment in a motion for rehearing under rule 1.530. Admittedly, rule 1.500(d) states: "The court may set aside a default, and *if a final judgment consequent thereon has been entered, the court may set it aside in accordance with rule 1.540(b)*." (Emphasis added). However, rule 1.500(d) should not be interpreted as foreclosing the remedy of filing a motion for rehearing under rule 1.530. Rule 1.540 "was not intended to serve as a substitute for the . . . mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error." *Curbelo v. Ullman*, 571 So. 2d 443, 444 (Fla. 1990) (internal quotation marks omitted). "A mistaken view of the law . . . constitutes judicial error rather than simple mistake, and must be presented by motion to rehear under Rule 1.530." *Schrank v. State Farm Mut. Auto. Ins. Co.*, 438 So. 2d 410, 412 (Fla. 4th DCA 1983) (citation omitted). Moreover, this court has held that a trial court has the authority to *sua sponte* order rehearing and vacate a default final judgment within the time permitted by rule 1.530. *DND Mail Corp. v. Andgen Props., LLC*, 28 So. 3d 111, 113 (Fla. 4th DCA 2010). Thus, it follows that a motion for rehearing under rule 1.530 was an appropriate procedural vehicle of relief in this case.

We note that where a defaulted party has shown that it served or filed a responsive pleading prior to the entry of a default, courts have set aside the default and resulting judgment both in cases where the issue was raised in a motion for rehearing and in cases where the issue was raised in a rule 1.540 motion. *Compare Graves v. Giordano*, 590 So. 2d 1113, 1113–14 (Fla. 4th DCA 1991) (reversing default final judgment where the violation of rule 1.500(c) was raised in a "motion for rehearing and to vacate the default"), *and Sender*, 757 So. 2d at 570–71 (reversing default final judgment where the violation of rule 1.500(c) was raised in "a motion for rehearing, as well as a motion to set aside the default final judgment"), *with Marchese*, 383 So. 2d at 735 (reversing final default judgment where default was entered in contravention of rule 1.500(c) and the defendant raised the issue in a "motion, filed under both Fla. R. Civ. P. 1.500(d) and 1.540, to set aside the default and the judgment"), *and Gavin*, 456 So. 2d at 536–38 (holding that the trial court should have granted appellant's rule

1.540 motion where default was entered prematurely and appellant's responsive pleading was timely served).

We reverse and remand with instructions for the trial court to vacate the default and the final default judgment.

*Reversed and remanded.*

GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***